UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse, herein
represented by CORPUZ AND ASSOCIATES,          Civ. Act. No.: 08 CV 11284 (GBD)
P.C., as Attorney-in-Fact,

                  Plaintiff,          DOCUMENT
                                               <u>ELECTRONICALLY FILED</u>

      -against-

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIR LINES, INC., EDWARD WAGNER
AND ELIZABETH WAGNER,

                  Defendants.
----------------------------------------------------------------------X

# METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

                                      SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                      *Attorneys for Defendants*
                                      METROPOLITAN LIFE INSURANCE COMPANY
                                      and UNITED AIR LINES, INC.
                                      125 Broad Street, 39th Floor
                                      New York, New York 10004-2400
                                      Telephone: (212) 422-0202
                                      Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
   *Of counsel*

NY/585444v1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...................................................................................................................................2

POINT I

    THIS COURT MAY NOT CONSIDER  PLAINTIFF'S
    EXTRA-RECORD SUBMISSIONS ................................................................................2

POINT II

    THE COURT SHOULD STRIKE PLAINTIFF'S
    AFFIDAVIT AND SUPPORTING EXHIBITS BECAUSE
    THEY WERE NEVER PREVIOUSLY  IDENTFIED
    OR PRODUCED IN DISCOVERY ................................................................................4

POINT III

    PLAINTIFF'S CORRESPONDING RULE 56.1
    STATEMENT MUST ALSO BE STRICKEN TO
    THE EXTENT IT IS SUPPORTED BY INADMISSIBLE EVIDENCE ..............................7

CONCLUSION ...............................................................................................................................7

Page(s)

**Cases**

*American Stock Exchange, LLC* v. *Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002) ..................................................................................................4

*Baker* v. *ACE Advertisers' Serv., Inc.*,
   153 F.R.D. 38 (S.D.N.Y. 1992) ..................................................................................................5

*Bergquist* v. *Aetna U.S. Healthcare*,
   289 F. Supp. 2d 400 (S.D.N.Y. 2003) ........................................................................................3

*Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*,
   602 F.2d 1062 (2d Cir. 1979) .....................................................................................................4

*Conkright* v. *Frommert*,
   130 S.Ct. 1640 (2010) ............................................................................................................ 2, 3

*Firestone Tire and Rubber Co.* v. *Bruch*,
   489 U.S. 101 (1989) ...................................................................................................................2

*Hobson* v. *Metropolitan Life Ins. Co.*,
   573 F.3d 75 (2d Cir. 2009) .........................................................................................................3

*Kara Holding Corp.* v. *Getty Petroleum Marketing, Inc.*,
   No. 99 Civ. 0275 (RWS), 2004 WL 1811427 (S.D.N.Y. Aug. 12, 2004) ..................................4

*King* v. *Pension Trust Fund of Pension, Hospitalization and Benefit Plan of Elec. Indust.*,
   No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003) .......................................4

*Magee* v. *Metropolitan Life Ins. Co.*,
   No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ....................................3

*Metropolitan Life Ins. Co.* v. *Glenn*,
   554 U.S. 105 S.Ct. 2343 (2008) .................................................................................................2

*Miller* v. *United Welfare Fund*,
   72 F.3d 1066 (2d Cir. 1995) .......................................................................................................3

*Muller* v. *First Unum Life Ins. Co.*,
   341 F.3d 119 (2d Cir. 2003) .......................................................................................................3

*Perez* v. *Siragusa*,
   No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402 (E.D.N.Y. Jul. 3, 2008) ...............................4

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
   No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ......................................................3

*Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO),
   2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ..................................................................................3

*United States* v. *Private Sanitation Indust. Of Nassau/Suffolk, Inc.*,
   44 F.3d 1082 (2d. Cir. 1995) ........................................................................................................6

*Update Art, Inc.* v. *Moddin Publishing, Ltd.*,
   842 F.2d 67 (2d Cir. 1988) ...........................................................................................................4

*Watt* v. *N.Y. Botanical Garden*,
   No. 98-1095, 2000 WL 193626 (S.D.N.Y. Feb. 16, 2000) ..........................................................6

### Statutes

Employee Retirement Income Security Act of 1974 ("ERISA"),
   29 U.S.C. §1001, *et seq.* .............................................................................................................1

FED. R. CIV. P., Rule 37(c)(1) .................................................................................................. 1, 4

FED. R. CIV. P., Rule 56(e) ....................................................................................................... 1, 6

FED. R. CIV. P., Rule 56.1(d) .........................................................................................................6

FED. R. CIV. P., Rule 26 .................................................................................................................2

FED. R. CIV. P., Rule 26(a) ..................................................................................................... 2 - 5

FED. R. CIV. P., Rule 37(c) ............................................................................................................4

**PRELIMINARY STATEMENT**

Defendants, Metropolitan Life Insurance Company ("MetLife") and United Air Lines ("UAL"), respectfully submit this Memorandum of Law in support of their motion pursuant to Rules 56(e) and 37(c)(1), FED. R. CIV. P., for an order striking the Affidavit of Sonia Wagner and the exhibits annexed thereto (Doc. No. 51; hereinafter, "Plaintiff's Affidavit"), as well as all corresponding statements in her Rule 56.1 Statement (Doc. No. 49) that are based on this inadmissible evidence.

Plaintiff commenced this action alleging entitlement to benefits under the United Airlines Employee Welfare Benefit Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*. The benefits were payable as a result of the death of Edward D. Wagner (the "Decedent"), who was enrolled in the Plan and died on December 5, 2005. The Decedent's children promptly notified Defendants of his death, submitted proof that they were the proper beneficiaries of the life benefits payable and received payment. Plaintiff sought to file a claim for those same benefits sixteen months later, claiming to be the Decedent's spouse. MetLife denied Plaintiff's request because it had already paid the benefits in good faith to the Decedent's children.

In support of Plaintiff's motion for summary judgment, she improperly seeks to accrete the administrative record with purported evidence of her entitlement to life benefits and her claimed efforts to file a claim with Defendants in a timely fashion. However, the Court may not accept evidence that was not before MetLife at the time it made its benefit determination. Accordingly, Plaintiff's Affidavit and all of the supporting exhibits should be stricken as being outside of the administrative record.

In addition to the foregoing, Plaintiff's Affidavit and the majority of her supporting exhibits should be stricken for the additional reason that she failed to disclose any of this information or

1

proof in discovery. Plaintiff did not identify herself as a person with relevant information nor did she identify any of the extra-record submissions she attaches to her Affidavit in a mandatory disclosure pursuant to Rule 26(a). In fact, Plaintiff never served any Rule 26, FED. R. CIV. P., mandatory disclosures. While Defendants assert that the Court's review is limited to the administrative record attached to the Declaration of Andrea Espinosa dated July 8, 2010 (Doc. No. 45), to the extent Plaintiff disagreed with that position and intended to rely on documents and information outside of the administrative record, it was her burden to identify or produce those documents and information in a Rule 26(a) Disclosure statement. Plaintiff's failure to produce these documents or to identify herself as a person with knowledge in this matter cannot be justified. Furthermore, the failure to disclose these documents while discovery was on-going has prejudiced Defendants because it deprived them of the opportunity to pursue discovery to defend against Plaintiff's breach of ERISA fiduciary duty claims, which appear to be entirely premised on facts only appearing in Plaintiff's Affidavit and her Exhibits.

Accordingly, Plaintiff's Affidavit and the Exhibits annexed thereto should be stricken. Further, to the extent Plaintiff's Rule 56.1 Statement relies on any of this inadmissible evidence, those statements should also be stricken.

## ARGUMENT

### POINT I

### THIS COURT MAY NOT CONSIDER PLAINTIFF'S EXTRA-RECORD SUBMISSIONS

The Plan vests MetLife with "the sole authority to determine who is eligible for the Plan, what benefits they are entitled to under the terms of the Plan, what the terms of the Plan mean, and any other claims under the Plan." (Declaration of Andrea Espinosa dated July 8, 2010, Doc. No. 45, Ex. "A," WAGNER 000093). When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits the court must view its decision with a strong measure

2

of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989). When performing this review, the Court must not consider any evidence outside of the "administrative record." *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 573 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Plaintiff claims that the purported evidence attached to her Affidavit supports her claim of entitlement to receive life benefits under the Plan. But Plaintiff failed to provide any of this purported evidence to MetLife at the time it made its claim determination. Due to Plaintiff's failure to provide this evidence to MetLife at the time it rendered its claim determination, they are not material to the Court's review because the Court is not free to consider such extra-record materials and thereby substitute its judgment for that of MetLife based on information MetLife never received. *See Conkright*, 130 S.Ct. at 1646.

## POINT II

### THE COURT SHOULD STRIKE PLAINTIFF'S AFFIDAVIT AND SUPPORTING EXHIBITS BECAUSE THEY WERE NEVER PREVIOUSLY IDENTIFIED OR PRODUCED IN DISCOVERY

Rule 26(a), FED. R. CIV. P.,[1] requires parties to disclose, without any court order or discovery requests, the following:

> (i)    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless use would be solely for impeachment; and
>
> (ii)   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Defendants provided their initial disclosures to Plaintiff on February 18, 2010. (Declaration of Michael H. Bernstein dated July 30, 2010 ("Bernstein Dec."), Ex. "A"). Despite receiving Defendants' Initial Disclosure Statement pursuant to Rule 26(a), Plaintiff never served any disclosure statement in violation of Rule 26(a). (Bernstein Dec. ¶4).

Now, in support of her motion for summary judgment, Plaintiff has submitted her own affidavit, which sets forth new facts regarding her purported attempts to contact UAL and MetLife and also additional evidence that had never previously been identified or disclosed to support her claim that she is the Decedent's spouse and to support her breach of ERISA fiduciary duty causes of action. Rule 37(c), FED. R. CIV. P., provides that:

---

[1] Defendants maintain that Plaintiff's claim for ERISA §502(a)(1)(B) benefits is limited to an administrative record review and therefore is not subject to Rule 26(a) disclosures. Plaintiff seeks to supplement the record. To the extent Plaintiff disagrees with that position, and believes she entitled to supplement the record with additional documentation never received by MetLife when it made its claim determination, she had an obligation to disclose all documents and information set forth or attached as exhibits to her Affidavit. Also, Plaintiff asserts three breach of ERISA fiduciary duty claims, which are not limited to those same discovery constraints. So, regardless of any potential dispute concerning the applicability of Rule 26(a) to ERISA §502(a)(1)(B) claims, Plaintiff has no excuse for failing to make the requisite disclosures as concerning her ERISA §502(a)(3) claims.

4

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the *party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial,* unless the failure was substantially justified or is harmless.

This rule was enacted to "'ensure that a party will not benefit from its own failure'" to comply with discovery obligations. *See Perez* v. *Siragusa*, No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402, *3 (E.D.N.Y. Jul. 3, 2008) (quoting *Update Art, Inc.* v. *Moddin Publishing, Ltd.*, 842 F.2d 67, 71 (2d Cir. 1988)). "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." *Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). Since Plaintiff failed to disclose that she would act as a witness or identify the relevant topics on which she had knowledge, or identify any of the documents attached to her Affidavit in a Rule 26(a) disclosure, she is precluded by Rule 37(c) from relying on her own affidavit or any of the attached documents to support her motion. *See King* v. *Pension Trust Fund of Pension, Hospitalization and Benefit Plan of Elec. Indust.*, No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003).

"The sanction of preclusion under Rule 37(c)(1) is 'automatic absent a determination of either substantial justification or harmlessness.'" *Kara Holding Corp.* v. *Getty Petroleum Marketing, Inc.*, No. 99 Civ. 0275 (RWS), 2004 WL 1811427, *24 (S.D.N.Y. Aug. 12, 2004) (quoting *American Stock Exchange, LLC* v. *Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). Here, Plaintiff's failure to disclose this information cannot be substantially justified. To the extent she did not initially realize that she had an obligation to disclose this information, she should have recognized her obligation to do so when she received Defendants' initial disclosures. Yet Plaintiff made no initial disclosures whatsoever. The requirement of Rule 26(a), FED. R. CIV. P., would have no meaning if a party could plead ignorance of the obligation as a reasonable excuse and then "sandbag" her adversary with all of her proof on a summary judgment motion. *See Baker* v. *ACE Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992).

Furthermore, Plaintiff's failure to disclose this information cannot be considered harmless.

Plaintiff relies on this evidence in support of her motion for summary judgment, thereby conceding that she had intended all along to rely on these documents to prove her claim.[2] While all the documents referenced in Plaintiff's Affidavit appear to have existed before she commenced this action, she did not identify or disclose any of them until she filed her summary judgment motion on July 9, 2010. Specifically, Plaintiff identifies, for the first time, communications that she purportedly sent to employees of UAL before this suit was filed. (Plaintiff's Affidavit, Exs. "G"-"M"). Exhibit "C" is a picture that plaintiff claims shows one of the former co-defendants, Elizabeth Wagner, at the wedding of the Decedent and Plaintiff but which was never disclosed before her submission of Plaintiff's motion. (Plaintiff's Affidavit, Ex. "C"). In support of her motion Plaintiff also submits, for the first time, further correspondence indicating that Elizabeth Wagner deliberately mislead Plaintiff and prevented her from timely filing a claim for life benefits. If these materials had been properly identified and disclosed earlier in this litigation, Defendants could have taken steps to depose Elizabeth Wagner and Edward Wagner, Jr., and do other discovery to test the veracity of Plaintiff's submissions.

Accordingly, Plaintiff's decision to withhold all the evidence she relies on in support of her summary judgment motion cannot be considered harmless because it prevented Defendants from investigating the facts set forth in these documents with respect to Plaintiff's ERISA 502(a)(3) claims for breach of ERISA fiduciary duty and thus, deprived Defendants of the ability to properly defend themselves in this action.

For the foregoing reasons this Court should strike Plaintiff's Affidavit, and all exhibits annexed thereto, in their entirety.

---

[2] Defendants assert that Plaintiff's breach of ERISA fiduciary duty claims against Defendants are legally unsustainable because they seek legal damages not available under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). Therefore, the evidence offered by Plaintiff to prove her claims is irrelevant. Nevertheless, Defendants were deprived of the opportunity to defend against these claims by challenging the veracity of the statements in the Affidavit and the exhibits annexed thereto due to Plaintiff's failure to disclose this information during discovery.

## POINT III

### PLAINTIFF'S CORRESPONDING RULE 56.1 STATEMENT MUST ALSO BE STRICKEN TO THE EXTENT IT IS SUPPORTED BY INADMISSIBLE EVIDENCE

Local Rule 56.1(d) requires that "[e]ach statement [of material fact] by a *movant* or opponent pursuant to [this rule] must *be followed by citation to evidence which would be admissible*, as required by Federal Rule of Civil Procedure 56(e)." (emphasis added); *see United States* v. *Private Sanitation Indust. Of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d. Cir. 1995); *Watt* v. *N.Y. Botanical Garden*, No. 98-1095, 2000 WL 193626, at *1 n. 1 (S.D.N.Y. Feb. 16, 2000). To the extent that Plaintiff's Statements rely on documents or information contained in her Affidavit, those Statements should be stricken by the Court because they are not based on admissible evidence for the reasons set forth in POINTS I and II, *supra*.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants MetLife and UAL's motion and strike Plaintiff Sonia Wagner's Affidavit and the extra-record submissions she attaches as exhibits to her Affidavit.

Dated: New York, New York
July 30, 2010

Respectfully Submitted,

s/
Michael H. Bernstein (MB 0579)
John T. Seybert (JS 5014)
SEDGWICK, DETERT MORAN & ARNOLD LLP
*Attorneys for Defendants*
METROPOLITAN LIFE INSURANCE COMPANY &
UNITED AIR LINES, INC.
125 Broad Street, 39th Floor
New York, New York 10004-2400

7

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES, INC.'S MEMORANDUM OF LAW** was served via ECF on this 30th day of July, 2010, upon the following:

> Benjy M. Corpuz, Esq.
> 40-35 Hampton Street
> Elmhurst, New York 11373

s/_____
JOHN T. SEYBERT

Dated: New York, New York
July 30, 2010