UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse, herein represented      Civil Action No.:
by CORPUZ AND ASSOCIATES, P.C., as Attorney-in-Fact,       08 CV 11284 (GBD)

                              Plaintiffs,     **DEFENDANTS' COUNTER**
        **-against-**                               **STATEMENT  TO RULE**
                                                                         **56.1 STATEMENT**

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIR LINES, INC., EDWARD WAGNER AND                  DOCUMENT
ELIZABETH WAGNER,                                          ELECTRONICALLY FILED
                              Defendants.
------------------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules For The Southern And Eastern Districts of New York, Defendants Metropolitan Life Insurance Company ("MetLife") and United Air Lines, Inc. ("UAL"), by and through their attorneys, Sedgwick, Detert, Moran & Arnold LLP, submit this Counter Statement to Plaintiff's Rule 56.1 Statement dated July 9, 2010, Doc. No. 49, as follows:

## PRELIMINARY STATEMENT

Defendants state that they filed their Rule 56.1 Statement of Material Facts dated July 9, 2010 (Doc. No. 44), in support of their own motion for summary judgment.  Rather than restating those statements herein, Defendants respectfully refer this Court to their Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiff's motion.

## PRELIMINARY OBJECTIONS

1.     Defendants object to each and every Statement to the extent that Plaintiff has failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

2.     Defendants object to each and every Statement that references evidence that was not identified in a Rule 26(a) Disclosure Statement, or otherwise, produced in discovery.  The Court is respectfully referred to Defendants' motion to strike Plaintiff Sonia Wagner's Affidavit and the Exhibits annexed thereto, which is being concurrently filed with this Counter Statement.

3. Defendants object to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4. Defendants object to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits.

5. Defendants object to each and every Statement to the extent that it treats issues of law as issues of fact.

6. Defendants object to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7. Defendants object to each and every Statement to the extent it is not a short and concise statement.

**RESPONSES**

1. Object on the grounds that the Statement is not a material fact. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction.

2. Object on the grounds that Plaintiff failed to cite to any admissible evidence.

3. Object on the grounds that Plaintiff failed to cite to any admissible evidence.

4. Deny and state that Plaintiff's address is listed as "111 N Cass Ave, Westmont, Ill 60559." (281).

5. Deny, and state that the Plan Administrator for the UAL Plan is the "Retirement and Welfare Administration Committee." (092). [1]

6. Admit.

7. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence. To the extent a response is required, Defendants deny except admit that

---

[1] The numbers in parentheses refer to the last three digits of the Bates Stamped documents annexed to the Declaration of Andrea Espinosa dated July 8, 2010 (Doc. No. 45), which begin with the prefix "WAGNER 000__."

the Plan is an employee welfare benefit plan and that it provides life benefits to the proper beneficiaries of the Plan.

8. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

9. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

10. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.  To the extent a response is required, Defendants deny except admit that the Plan administrator delegated its discretionary authority to MetLife to determine beneficiaries' eligibility for benefits and to interpret the terms of the Plan.

11. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

12. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

13. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

14. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

15. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

16. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

17. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (042-43).

18. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

19. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

20. Object on the grounds that the Statement is not a material fact and does not cite to any admissible evidence.

21. Deny, except admit that Decedent, Edward D. Wagner, was enrolled in the Plan and upon his death, $46,000 in basic life benefits and $40,000 in optional life benefits were payable to the beneficiaries. (247).

22. Object on the grounds that the Statement is not a short and concise statement, but rather is compound and confusing. To the extent that a response is required, Defendants deny that the Statement completely and correctly quotes the portion of the Plan documents it references. (042-44).

23. Deny, except admit that the Statement accurately quotes the cited provision.

24. Deny that the Statement accurately quotes the cited provision and refer to the cited pages for the actual text of the provision. (220).

25. Admit.

26. Deny. (260-62).

27. Deny. (258).

28. Admit.

29. Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (001-286).

30. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants admit the Statement.

31. Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (276).

32. Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (245).

33. Object on the grounds that the Statement does not cite to any admissible evidence. Defendants further object to this Statement on the grounds that it is not a short and concise statement. To the extent a response is required, Defendants deny the Statement. (276).

34. Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (001-286).

35. Object on the grounds that the Statement does not cite to any admissible evidence. Defendants further object to this Statement on the grounds that it is not a short and concise statement. To the extent a response is required, Defendants deny the Statement, except admit that MetLife received a letter from Plaintiff dated March 26, 2007, and refer to the letter for its contents. (269).

36. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated June 6, 2007, and refer to the letter for its contents. (266-67).

37. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement,

except admit that MetLife received a letter dated July 8, 2007, and refer to the letter for its contents. (276).

38. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated September 20, 2007, and refer to the letter for its contents. (273-74).

39. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife received a letter dated October 25, 2007, and refer to the letter for its contents. (285).

40. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated November 29, 2007 attaching a copy of the Claimant's Affidavit, and refer to the letter and attachment for their contents. (284).

41. Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement. (001-286).

42. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife received a letter dated February 4, 2008, and refer to the letter for its contents. (171).

43. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated February 23, 2008, and refer to the letter for its contents. (170).

      44.      Deny the Statement, except admit that Benjy Corpuz, Esq. communicated with Cheri Ciacciarelli-Natale at MetLife, and refer to the note regarding the summary of that discussion, which Plaintiff's Statement does not properly quote. (149).

      45.      Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated March 24, 2008, and refer to the letter for its contents. (172).

      46.      Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife received a letter dated June 4, 2008, and refer to the letter for its contents. (210-11).

      47.      Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record. To the extent a response is required, Defendants deny the Statement, except admit that MetLife received a letter dated June 4, 2008, and refer to the letter for its contents. (194-95).

      48.      Object on the grounds that the Statement that it is not a short and concise statement. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter dated August 4, 2008, and refer to the letter for its contents, and admit that Attorney Corpuz communicated with Cara Spataro at MetLife, and refer to the notes recording the summary of the conversation. (139, 213-14).

      49.      Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record and the Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, Defendants deny the

Statement, except admit that MetLife received a letter dated September 29, 2008, and refer to the letter for its contents.  (217-18).

50.	Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement.  (226).

51.	Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record.  To the extent a response is required, Defendants deny the Statement, except admit that Plaintiff properly quoted the sentence contained in the letter dated August 4, 2008.  (214).

52.	Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record and the Statement is convoluted and unintelligible as written and therefore is not a short and concise statement.  To the extent a response is required, Defendants deny the Statement.  (260-62).

53.	Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record.  To the extent a response is required, Defendants deny the Statement.  (260-62).

54.	Object on the grounds that the Statement does not cite to any admissible evidence. To the extent a response is required, Defendants deny the Statement.  (260-62).

55.	Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record and the Statement is convoluted and unintelligible as written and therefore is not a short and concise statement.  To the extent a response is required, Defendants deny the Statement.  (260-62).

56.	Deny.  (243-46, 260-62).

57.	Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record and the Statement is convoluted and unintelligible as written and therefore

is not a short and concise statement. To the extent a response is required, Defendants deny that the cited evidence supports Plaintiff's Statement. (281).

 58. Admit.

 59. Deny and state that the letterhead also includes "United Airlines." (251, 247).

 60. Deny. (258).

 61. Object on the grounds that the Statement cites to inadmissible evidence outside of the administrative record and the Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, Defendants deny the Statement to the extent the Statement requires Defendants to admit that Edward and Elizabeth Wagner communicated with MetLife to "pursue their fraudulent claim."

 62. Object on the grounds that the Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, Defendants deny the Statement, except admit that MetLife sent a letter addressed to Edward Wagner, Jr., dated November 14, 2008 and that Tracey Farber at MetLife spoke with Tom Homer, Esq. on December 12, 2008, who claimed to represent Decedent's children. (131, 226).

 Dated: New York, New York
    July 30, 2010

                 Respectfully submitted,
                 SEDGWICK, DETERT, MORAN & ARNOLD LLP

                 s/_____
                 MICHAEL H. BERNSTEIN (MB 0579)
                 JOHN T. SEYBERT (JS 5014)
                 125 Broad Street, 39th Floor
                 New York, New York 10004-2400
                 (212) 422-0202
                 *Attorneys for Defendants*
                 *Metropolitan Life Insurance Company and*
                 *United Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

      I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' COUNTER STATEMENT TO RULE 56.1 STATEMENT** was served via ECF on this 30th day of July, 2010, upon the following:

      Benjy M. Corpuz, Esq.
      40-35 Hampton Street
      Elmhurst, New York 11373

      s/_____
      JOHN T. SEYBERT (JS 5014)

Dated:   New York, New York
           July 30, 2010