UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse,
herein represented by CORPUZ AND
ASSOCIATES, P.C., as her Attorney-in-Fact,   Civil Action No.:08 CV 11284(GBD)

                            Plaintiff,

           -against-   **PLAINTIFF'S RESPONSE**
                              **TO DEFENDANTS' RULE 56.1**
METROPOLITAN LIFE INSURANCE COMPANY,   **STATEMENT OF MATERIAL FACTS**
UNITED AIR LINES, INC.,
EDWARD WAGNER AND
ELIZABETH WAGNER,

                           Defendants.
-------------------------------------------------------------------X

      Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, the Plaintiff SONIA I. WAGNER ("Mrs. Wagner"), hereby submits the following responses to the Rule 56.1 Statement of Material Facts by the Defendants, without admitting that any of defendants' statements are material:

1. Edward D. Wagner (the "Decedent") was employed by United Air Lines ("UAL") between December 21, 1969 and December 5, 2005. (248).

    **Mrs. Wagner's Response**: Admit except that Edward D. Wagner was employed by UAL starting December 22, 1969 (and not December 21, 1969).

2. As a result of his employment with UAL, Decedent was enrolled in the United Airlines Employee Welfare Benefit Plan (the "Plan"). (090).

    **Mrs. Wagner's Response**: Admit.

3. As of January 1, 2004, MetLife issued to UAL group policies of insurance (Policy Nos. 27747-1-G and 27727-1-G) to fund group life insurance benefits payable under the Plan. (003, 047, 100).

    **Mrs. Wagner's Response**: Admit.

1

4. The Plan defines coverage for Life Benefits (On Your Own Account) as follows:

    **A. Coverage**

    If you die while you are covered for Life Benefits, we will pay to the Beneficiary, as described in the provision herein entitled Beneficiary, the amount of Life Benefits that is in effect on your life on the date of your death.

(027).

    **Mrs. Wagner's Response**: Admit.

5. The Plan defines "Beneficiary" as follows:

    **A. Your Beneficiary**

    The Beneficiary is the person or persons you choose to receive any benefit payable because of your death.
    You make your choice in Writing on a form approved by us. This form must be filed with the records for This Plan.
    You may change the Beneficiary at any time by filing a new form with MetLife. You do not need the consent of the Beneficiary to make a change. When MetLife receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.

    A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by MetLife.

              \* \* \*

    **D. No Beneficiary at Your Death**

    If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be divided and paid in equal shares to each member of the first class in the order listed below in which there is a person who is related to you and who survives you:

    1. your Spouse;  3. your parent(s);
    2. your child(ren);  4. your sibling(s);

    However, we may instead pay all or part of that amount to your estate. Any payment will discharge our liability for the amount so paid.

(038-39).

    **Mrs. Wagner's Response**: Admit.

6. The Plan's Summary Plan Description (the "SPD") defines the "Benefit Amount" as follows:

> Upon your death, your beneficiary(ies) will receive a death benefit equal to the greater of $30,000, or 2080 times your Schedule A base hourly rate (in effect on January 1 each year), but not to exceed a maximum benefit of $70,000.

(100).

    **Mrs. Wagner's Response**: Admit.

7. The SPD further states in the "Beneficiary" Section:

> You will be provided with a beneficiary designation form which you should complete and return to:
>
> MetLife Recordkeeping Center
> P.O. Box 6169
> Utica, NY 13504
> 1-800-GET-MET8 (1-800-438-6388)
>
> If at any time you wish to change your beneficiary(ies) and you have a domestic mailing address, you may visit the MetLife MyBenefits website at www.metlife.com/mybenefits and complete your request on line. You may also link to the website via SkyNet. If you wish to request a beneficiary designation form or if you have an international mailing address, you may contact the MetLife Customer Response Center by calling 1-800-GET-MET8 (1-800-438-6388). MetLife Customer Service Consultants are available Monday through Friday from 7:00 a.m. to 10:00 p.m., Central Time.
>
> If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be divided and paid in equal shares to each member of the first class in the order listed below in which there is a person who is related to you and who survives you:
> 1. your Spouse/Qualified Domestic Partner;
> 2. your child(ren);
> 3. your parent(s);
> 4. your sibling(s).

>However, the insurance company may instead pay all or part of that amount to your estate.
>
>Any payment will discharge the insurance company's liability for the amount so paid.

(102).

**Mrs. Wagner's Response**: Admit.

8. The Plan provides:

>**Life Benefits Claims**
>\* \* \*
>
>Life Claim Submission
>In submitting claim(s) for Life benefits ("Benefits"), the claimant must complete the appropriate Life claim form and submit the required proof as described in the certificate. This includes an original certified death certificate which includes the cause of death. Life Claim form(s) must be submitted in accordance with the instructions on the MetLife claim form.

(042).

**Mrs. Wagner's Response**: Admit.

9. The SPD also provides the following concerning delegation of full discretionary authority to MetLife:

>The Plan Administrator or its delegate has the sole authority to determine who is eligible for the Plan, what benefits they are entitled to under the terms of the Plan, what the terms of the Plan mean, and any other claims under the Plan. The Plan Administrator's decision is final and binding. For insured benefits the Plan Administrator has delegated to the insurance company its authority to determine benefits under the applicable policies.

(093-94).

**Mrs. Wagner's Response**: Admit.

10. On December 5, 2005, Decedent died of Hypertrophic Myocarditis in Fortaleza, Brazil. (263).

**Mrs. Wagner's Response**: Admit.

11. At the time of his death, Decedent had not submitted a beneficiary designation form to MetLife. (258).

  **Mrs. Wagner's Response**: Admit.

12. According to the Plan, benefits are payable to:

> If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be divided and paid in equal shares to each member of the first class in the order listed below in which there is a person who is related to you and who survives you:
> 1. your Spouse/Qualified Domestic Partner;
> 2. your child(ren);
> 3. your parent(s);
> 4. your sibling(s).

(102).

  **Mrs. Wagner's Response**: Admit

13. On December 12, 2005, Elizabeth Wagner, Decedent's daughter, advised UAL of the her father's death. (258).

  **Mrs. Wagner's Response**: Admit.

14. Laurie Fahrenkrog completed a Non-Retiree Death Notification Form on behalf of UAL and sent it to MetLife. (258).

  **Mrs. Wagner's Response**: Admit. Note, however, that the form was incompletely filled-up as the "Spouse's Name" on "1. Employment Information" was left in blank.

15. The form included a handwritten notation that "no bene[ficiary was] on file." (258).

  **Mrs. Wagner's Response**: Admit.

16. By letter dated December 22, 2005, MetLife provided Edward Wagner, Jr., Decedent's son, a "beneficiary death packet," which included an Affidavit for Claim Consideration Form, Claimant's Statement/TCA Form and a return envelope. (253, 251-52).

  **Mrs. Wagner's Response**: Admit. And, please note that the letter was sent under the name of a certain "Donna L Wheat," Customer Representative, MetLife Record Keeping Center.

17. The same mailing address was provided for both Edward Wagner, Jr. and Elizabeth Wagner. (253, 258).

**Mrs. Wagner's Response**: Admit. Note, however, that the mailing address information were provided respectively by both Edward Wagner, Jr. and Elizabeth Wagner.

18. On December 29, 2005, MetLife received a completed "Life Insurance Claim Form Employer's Statement," which calculated Decedent's life insurance benefits payable under the Plan. (248-49).

**Mrs. Wagner's Response**: Admit (Note however, that it should be 247-248).

19. The completed "Life Insurance Claim Form Employer's Statement" was signed by Donna L. Wheat as the employer's authorized representative. (245).

**Mrs. Wagner's Response**: Admit (but should be 247). And, please note that the same Donna L. Wheat is the same Donna L. Wheat referred to in par. 16 who is a Customer Representative at MetLife Record Keeping Center.

20. The completed "Life Insurance Claim Form Employer's Statement" does not identify any beneficiaries entitled to receive the life benefits. (245-46).

**Mrs. Wagner's Response**: Admit (but should be 247-248). Note further that the Employer's Statement is without the required attachments like the enrollment forms (and beneficiary designations).

21. On January 9, 2006, MetLife received a Claimant's Statement dated January 5, 2006 from Elizabeth Wagner. (245-46).

**Mrs. Wagner's Response**: Admit (Except as to date of receipt as documents 245 and 246 had no receipt date stamp on its faces).

22. On her Claimant's Statement, Elizabeth Wagner certified that Decedent's marital status at the time of his death was "divorced." (245).

**Mrs. Wagner's Response**: Admit.

23. On January 9, 2006, MetLife received a Claimant's Statement dated January 5, 2006 from Edward Wagner, Jr. (243-44).

**Mrs. Wagner's Response**: Admit.

24. On his Claimant's Statement, Edward Wagner, Jr. also certified that Decedent's marital status at the time of his death was "divorced." (243).

**Mrs. Wagner's Response**: Admit.

6

25. On January 9, 2006, MetLife received a Claimant's Affidavit sworn to on January 5, 2006 from Edward Wagner, Jr. (0260-62).

      **Mrs. Wagner's Response**: Admit.

26. Edward Wagner, Jr.'s Claimant's Affidavit identified "Susan Wagner" as Decedent's only spouse and stated that they divorced on November 27, 2002. (260).

      **Mrs. Wagner's Response**: Admit.

27. Edward Wagner, Jr. did not list Sonia Wagner ("Plaintiff") as Decedent's spouse on his Claimant's Affidavit. (260-62).

      **Mrs. Wagner's Response**: Admit.

28. On January 9, 2006, MetLife received a certified copy of a "Report of Death of an American Citizen Abroad," concerning Decedent. (0263-64).

      **Mrs. Wagner's Response**: Admit.

29. The "Report of Death of an American Citizen Abroad" stated that Decedent's remains were "airshipped to Orland Park, Il" and that the effects were "in possession of family." (263).

      **Mrs. Wagner's Response**: Admit.

30. The "Report of Death of an American Citizen Abroad" also stated that a copy of the report was sent to "Elizabeth Wagner" and "Susan Wagner." (263).

      **Mrs. Wagner's Response**: Admit.

31. The "Report of Death of an American Citizen Abroad" did not identify Plaintiff as Decedent's spouse or otherwise indicate that she had any relationship to Decedent. (263).

      **Mrs. Wagner's Response**: Admit. Note, however, that this information was not among those supposed to be provided or disclosed in the report.

32. On January 13, 2006, Julie Mosicki reviewed the claim information submitted by Edward Wagner, Jr. and Elizabeth Wagner, including the Claimant's Statements, the Death Certificate and Edward Wagner's Claimant's Affidavit, as well as the "Report of Death of an American Citizen Abroad" approved the claim for life insurance benefits. (162).

      **Mrs. Wagner's Response**: Denied.  Document 162 did not indicate that Julie Mosicki reviewed the claim information submitted by Edward Wagner, Jr. and Elizabeth Wagner, including the Claimant's Statements, the Death Certificate and Edward Wagner's

7

Claimant's Affidavit, as well as the "Report of Death of an American Citizen Abroad" approved the claim for life insurance benefits. As a matter of fact, the only significant entry/ies on the form was: "1 Coverage sent for Countersignature," "No Action" and "to Heidi to countersign".

33. On January 13, 2006, Ms. Mosicki forwarded her approval of the claim for counter-signing by Heidi Klockowski, who agreed with the claim decision. (161).

    **Mrs. Wagner's Response**: Denied.

34. On January 13, 2006, MetLife approved Edward Wagner, Jr. and Elizabeth Wagner's claims for Decedent's life benefits under the Plan. (242).

    **Mrs. Wagner's Response**: Admit.

35. On January 13, 2006, MetLife paid all Plan life benefits in equal shares to Edward Wagner, Jr. and Elizabeth Wagner. (160).

    **Mrs. Wagner's Response**: Admit.

36. On April 30, 2007, UAL received a letter from Plaintiff inquiring about a "death benefit for her late husband, who passed away on December 5[,] 2005." (269).

    **Mrs. Wagner's Response**: Admit.

37. Plaintiff's April 30, 2007 letter enclosed a copy of a "Certificate of Marriage" from the Republic of Philippines, Office of the Civil Registrar General, indicating that Decedent and Plaintiff had been married on February 4, 2002. (271).

    **Mrs. Wagner's Response**: Admit.

38. MetLife received the letter and enclosures on May 7, 2007. (268-69).

    **Mrs. Wagner's Response**: Admit.

39. On May 18, 2007, Cheri Ciacciarelli-Natale at MetLife reviewed Plaintiff's April 30, 2007 letter and the records in the file and recommended that Plaintiff be advised that the claim for life benefits under the Plan had already been paid in good faith to Decedent's children. (157, 268).

    **Mrs. Wagner's Response**: Denied.

40. On May 31, 2007, Tim Copperwheat at MetLife approved Ms. Ciacciarelli-Natale's recommendation. (157, 267).

    **Mrs. Wagner's Response**: Admit.

8

41. By letter dated June 6, 2007, MetLife advised Plaintiff that it had paid Decedent's life benefits under the Plan to his children based on the Claimant's Affidavit, which did not indicate that Decedent was married to Plaintiff at the time of his death. (266-67).

    **Mrs. Wagner's Response**: Admit.

42. On July 31, 2007, MetLife received a letter from Plaintiff stating, that she provided UAL and MetLife "with a copy of [the] Marriage Certificate, as soon as [she] became aware of the death of [her] late husband who passed away on December 5, 2005." (276).

    **Mrs. Wagner's Response**: Admit.

43. Plaintiff's letter was received by MetLife on July 31, 2007, and did not include any explanation of why she did not know of Decedent's death prior to April 30, 2007. (276).

    **Mrs. Wagner's Response**: Admit.

44. Plaintiff also asserted in her letter that Elizabeth Wagner "wrongfully submitted" a death benefit claim form misrepresenting Decedent's marital status and claiming that Elizabeth Wagner had actually attended the wedding in Manila in 2002. (276).

    **Mrs. Wagner's Response**: Admit.

45. Enclosed with Plaintiff's letter was a copy of an "Affidavit in Lieu Of Certificate Of Legal Capacity To Contract Marriage For American Citizens," which appears to have been signed by Decedent on January 31, 2002. (270).

    **Mrs. Wagner's Response**: Admit.

46. On August 10, 2007, Ms. Ciacciarelli-Natale reviewed Plaintiff's letter, and the records in the file, including MetLife's letter dated June 6, 2007 and advised her senior supervisor of the situation. (275).

    **Mrs. Wagner's Response**: Denied.

47. On August 16, 2007, Mr. Copperwheat requested that a new letter to Plaintiff be prepared explaining the reasons MetLife paid the Plan benefits to Decedent's children in good faith, and noting that the marriage certificate Plaintiff submitted indicates that she and Decedent were married on February 4, 2002, which was prior to the date Decedent was divorced from his first wife, Susan Wagner, on November 27, 2002. (154, 275).

    **Mrs. Wagner's Response**: Denied.

48. By letter dated September 20, 2007, MetLife advised Plaintiff that it had paid the life benefits to Decedent's children in good faith. (273-74).

    **Mrs. Wagner's Response**: Admit.

49. In that letter, MetLife also advised Plaintiff that there was no beneficiary designation form on file, that the Claimant's Affidavit submitted by Edward Wagner, Jr. did not indicate that there was any surviving spouse at the time of Decedent's death and that based on these submissions, the life insurance benefits had been paid in "good faith and [MetLife's] liability has been fully satisfied." (176-77).

    **Mrs. Wagner's Response**: Admit.

50. By letter dated October 25, 2007, Plaintiff requested a copy of the Claimant's Affidavit. (285).

    **Mrs. Wagner's Response**: Admit.

51. On November 19, 2007, Benjy Corpuz, Esq. advised Linda Desmarais at MetLife that he had been retained by Plaintiff to represent her interests in connection with her claim for Plan benefits. (153).

    **Mrs. Wagner's Response**: Admit.

52. By letter dated November 29, 2007, MetLife provided Plaintiff with a copy of the Claimant's Affidavit. (284).

    **Mrs. Wagner's Response**: Admit.

53. On March 3, 2008, Attorney Corpuz requested a claim form from MetLife, and Ms. Ciacciarelli-Natale advised that she could not provide the form because the claim has been paid and the file had been closed. (149).

    **Mrs. Wagner's Response**: Admit.

54. By letter dated June 4, 2008, Attorney Corpuz requested that MetLife pay Decedent's life benefits to Plaintiff and enclosed several documents in support of her claim for those benefits. (194-212).

    **Mrs. Wagner's Response**: Admit.

55. On June 16, 2008, Linda Desmaris at MetLife reviewed the June 4, 2008 letter and the facts asserted therein, questioned "if the marriage is legal," and recommended that a letter be sent advising Attorney Corpuz that the claim had previously been paid in good faith. (215-16, 146).

    **Mrs. Wagner's Response**: Denied.

56. On July 2, 2008, Andrea Espinosa at MetLife approved of sending a letter to Attorney Corpuz stating that Decedent's life benefit had already been paid in good faith. (216, 135).

    **Mrs. Wagner's Response**: Denied.

57. On June 30, 2008, MetLife received another copy of Attorney Corpuz's letter dated June 4, 2008. (145).

    **Mrs. Wagner's Response**: Admit.

58. By letter dated August 4, 2008, MetLife responded to Attorney Corpuz's letter, advising that it had re-examined the entire claim file, explaining that the Claimant's Affidavit did not indicate that Decedent was married at the time of death and stating that MetLife paid the "claim in good faith according to the information on file at the time of payment," and advised that the Plan was governed by ERISA. (213-14).

    **Mrs. Wagner's Response**: Denied.

59. By letter dated September 29, 2008, Attorney Corpuz challenged MetLife's decision to pay Decedent's life benefits to the children of Decedent's children instead of Plaintiff. (217-23).

    **Mrs. Wagner's Response**: Admit.

60. On October 28, 2008, MetLife considered Attorney Corpuz's arguments and decided to request additional proof from Edward Wagner, Jr. concerning Decedent's divorce from his spouse Susan Wagner. (224-25).

    **Mrs. Wagner's Response**: Denied.

61. By letter dated November 14, 2008 to Edward Wagner, Jr., MetLife requested that he provide a copy of the divorce decree or legal document confirming the divorce of Decedent and Susan Wagner. (226).

    **Mrs. Wagner's Response**: Admit.

62. Susan Wagner was advised of the death of Decedent, but did not file a claim for life benefits.(263).

    **Mrs. Wagner's Response**: Denied.

63. The November 14, 2008 letter to Edward Wagner, Jr. was returned by the post office and MetLife never received any response from Edward Wagner, Jr. to its inquiry. (227-29).

    **Mrs. Wagner's Response**: Admit.

64. By letter dated December 11, 2008, Attorney Corpuz advised MetLife that Plaintiff had commenced an action in the Supreme Court of the State of New York, County of New York, seeking the life benefits paid by MetLife to Decedent's children, and enclosed a courtesy copy of the Summons and Complaint. (230-41).

    **Mrs. Wagner's Response**: Admit.

Dated: July 30, 2010
Elmhurst, New York

                              Most respectfully submitted,

                              _____/S/_____
                              **BENJY M. CORPUZ (BC-2223)**
                              CORPUZ AND ASSOCIATES, P.C.
                              Counsel for Plaintiff SONIA I. WAGNER
                              40-35 Hampton St., Unit 2F
                              Elmhurst, New York 11373
                              (646) 431-5140/(212-695-5281/82
                              Fax No. (212) 563-2664
                              E-mail Address: attybmc@yahoo.com
                              Bar I.D. No. BC-2223

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached RESPONSE TO RULE 56.1 STATEMENT OF MATERIAL FACTS BY THE DEFENDANT was served via Electronic Case Filing (ECF) on July 30, 2010, upon:

       MICHAEL H. BERNSTEIN, ESQ.
       JOHN T. SEYBERT, ESQ.
       SEDGWICK, DETERT, MORAN & ARNOLD, LLP
       Attorneys for Defendant
       METROPOLITAN LIFE INSURTANCE COMPANY
       And UNITED AIR LINES, INC.
       125 Broad Street, 39th Floor
       New York, New York 10004
       Tel. No. (212) 244-0202
       Fax No. (212) 422-0925
       [SDMA File #0584-007580]

Dated: July 30, 2010
       Queens, New York

                                     _____/S/_____
                                          BENJY M. CORPUZ (BC2223)