UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse, herein
represented by CORPUZ AND ASSOCIATES, P.C.,    Civ. Act. No.: 08 CV 11284 (GBD)
as Attorney-in-Fact,

                        Plaintiff,         DOCUMENT
                                        ELECTRONICALLY FILED

     -against-

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIR LINES, INC., EDWARD WAGNER
AND ELIZABETH WAGNER,

                        Defendants.
------------------------------------------------------------------X


# METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


SEDGWICK, DETERT, MORAN & ARNOLD LLP
**Attorneys for Defendants**
METROPOLITAN LIFE INSURANCE COMPANY
and UNITED AIR LINES, INC.
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
  *Of counsel*

NY/592153v2

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT..............................................................................................1

ARGUMENT..............................................................................................................................2

    POINT I:

    THE COURT SHOULD GRANT SUMMARY JUDGMENT DISMISSING
    PLAINTIFF'S AMENDED COMPLAINT BECAUSE METLIFE'S
    DETERMINATION THAT DECEDENT'S CHILDREN WERE THE
    PROPER BENEFICIARIES WAS NOT ARBITRARY AND CAPRICIOUS ............................2

        A.    THE COURT MUST REVIEW THIS MATTER UNDER
               THE ARBITRARY AND CAPRICIOUS STANDARD OF
               REVIEW. ..................................................................................................2

        B.    METLIFE'S DETERMINATION TO PAY ALL PLAN
               BENEFITS TO DECEDENT'S CHILDREN WAS NOT
               ARBITRARY AND CAPRICIOUS. .........................................................3

        C.    PLAINTIFF'S ARGUMENT THAT METLIFE OPERATED
               UNDER A CONFLICT OF INTEREST IS MERITLESS. ........................7

    POINT II:

    SUMMARY JUDGMENT DISMISSING PLAINTIFF'S FIRST THROUGH
    THIRD CAUSES OF ACTION AGAINST METLIFE AND HER FIRST
    CAUSE OF ACTION AGAINST UAL SHOULD BE GRANTED
    BECAUSE THESE CLAIMS ARE BARRED BY HER LACHES................................................7

    POINT III:

    THE COURT SHOULD GRANT DEFENDANTS SUMMARY
    JUDGMENT DISMISSING PLAINTIFF'S CAUSES OF ACTION
    SOUNDING IN BREACH OF FIDUCIARY DUTY UNDER ERISA ......................................8

        A.    PLAINTIFF HAS FAILED TO IDENTIFY A BREACH
               OF ERISA FIDUCIARY DUTY. ..............................................................8

        B.    PLAINTIFF'S ERISA BREACH OF FIDUCIARY DUTY
               CLAIMS DO NOT SEEK ANY COGNIZABLE RELIEF
               UNDER ERISA §502(a)(3). ......................................................................9

POINT IV:

SUMMARY JUDGMENT DISMISSING PLAINTIFF'S FOURTH
CAUSE OF ACTION AGAINST METLIFE AND SECOND
CAUSE OF ACTION AGAINST UAL FOR ATTORNEY'S FEES
SHOULD BE GRANTED..................................................................................................10

CONCLUSION..................................................................................................................................10

CERTIFICATE OF SERVICE ........................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Conkright* v. *Frommert*,
  130 S.Ct. 1640 (2010) ...................................................................................................... 2

*Crosby* v. *Crosby*,
  986 F.2d 79 (4th Cir. 1993) .............................................................................................. 6

*Dramse* v. *Delta Family-Care Disability & Survivorship Plan*,
  No. 07-10287, 2008 WL686597 (5th Cir. Mar. 12, 2008) ............................................... 4

*Franchise Tax Bd.* v. *Construction Laborers Vacation Trust for S. Cal.*,
  463 U.S. 1 (1983) ............................................................................................................. 9

*Gaither* v. *Aetna Life Ins. Co.*,
  394 F.3d 792 (10th Cir. 2004) ......................................................................................... 4

*Helfrich* v. *PNC Bank Kentucky, Inc.*,
  267 F.3d 477 (6th Cir. 2001) ......................................................................................... 10

*Hobson* v. *Metropolitan Life Ins. Co.*,
  574 F.3d 74 (2d Cir. 2009) .............................................................................................. 3

*McCauley* v. *First Unum Life Ins. Co.*,
  551 F.3d 126 (2d Cir. 2008) ............................................................................................ 2

*Mertens* v. *Hewitt Assocs.*,
  508 U.S. 248 (1993) ....................................................................................................... 10

*Randi A.J.* v. *Long Island Surgi-Center*,
  46 A.D.3d 74 N.Y.S.2d 558 (2d Dep't 2007) ................................................................. 5

*Shutts* v. *First Unum Life Ins. Co. Of Am.*,
  310 F. Supp. 2d 489 (N.D.N.Y. 2004) ............................................................................ 8

*Smith* v. *United Transp. Union Local No. 81*,
  594 F. Supp. 96 (S.D.Cal. 1984) .................................................................................... 10

*Vega* v. *National Life Ins. Servs., Inc.*,
  188 F.3d 287 (5th Cir. 1999) ........................................................................................... 4

*Warren* v. *Society National Bank*,
  905 F.2d 975 (6th Cir. 1990) .................................................................................... 9, 10

## Statutes

ERISA §3(8), 29 U.S.C. §1002(8) ...................................................................................................7

ERISA §502(a)(1)(B) ......................................................................................................................7

ERISA §502(a)(3).........................................................................................................................7, 9

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) .....................................................................................8

ERISA 502(g)(1), 29 U.S.C. §1132(g)(1).......................................................................................10

Fed. R. Civ. P., Rule 11(b)(2)........................................................................................................10

Fed. R. Civ. P., Rule 56 ..................................................................................................................1

## Regulations

45 C.F.R. §164.105(a)(1)(C)...........................................................................................................5

45 C.F.R. §164.501..........................................................................................................................5

45 C.F.R. §164.502..........................................................................................................................5

## Other Authorities

Black's Law Dict., p. 875 (6th Ed. 1991).......................................................................................8

**PRELIMINARY STATEMENT**

Defendants Metropolitan Life Insurance Company ("MetLife") and United Air Lines, Inc. ("UAL") submit this Memorandum of Law in reply to Plaintiff Sonia Wagner's ("Plaintiff") opposition[1] ("Plaintiff's Opp.") to Defendants' motion pursuant to Rule 56, FED. R. CIV. P., and in further support of their motion for an order granting summary judgment dismissing Plaintiff's Amended Complaint seeking life insurance benefits under the United Airlines Employee Welfare Benefit Plan (the "Plan"). MetLife, the claims fiduciary vested with full discretionary authority to determine eligibility for Plan benefits and the insurance company that issued the group policy to fund benefits under the Plan, paid all Plan benefits on January 13, 2006 based on the information it had in its possession at the time, which indicated that the only proper beneficiaries were the decedent Edward D. Wagner's ("Decedent") children. Plaintiff, having failed to notify MetLife of her competing claim for Plan benefits until sixteen months after they had been paid, now seeks to recover those same benefits by criticizing MetLife's determination to pay the Plan benefits to the Decedent's children.

In opposition to Defendants' motion for summary judgment, Plaintiff only offers *post hoc* arguments about what MetLife should have or could have done if it had been aware of her potential competing claim for Plan benefits at the time it was considering Decedent's children's claim. But her arguments are result driven and fail to demonstrate anything MetLife could have or should have done differently. Indeed, Plaintiff fails to demonstrate any flaw in the way MetLife administered the claim and instead, asks this Court to ignore Plaintiff's own nonfeasance in failing to timely notify MetLife of her competing claim. Thus, Plaintiff's arguments in opposition only serve to confirm that MetLife's payment of all Plan benefits to Decedent's children was made in good faith.

Plaintiff also concedes that her breach of ERISA fiduciary duty causes of action against both Defendants is only intended to recover legal damages in an amount equal to the Plan benefits that were paid in good faith to Decedent's children. But Plaintiff's argument is premised on a single case that was overruled by the U.S. Supreme Court more than sixteen years ago. It is now well-settled that a plaintiff cannot recover monetary damages for a

---

[1] Remarkably, after being notified of the Court's Individual Practices requiring that opening and opposing Memorandum of Law are limited to twenty-five pages, Plaintiff's Opposition has again exceeded the Court's limit without prior authorization. Plaintiff's Memorandum of Law exceeds the Court's maximum by ten pages. The Court should either strike or ignore these pages.

1

breach of ERISA fiduciary duty, which only provides for "other appropriate equitable relief." In addition, Plaintiff has failed to identify any breach of ERISA fiduciary duty by either Defendant. Accordingly, her causes of action for breach of ERISA fiduciary duty should be dismissed in their entirety.

For these reasons, and as discussed more fully below, this Court should grant summary judgment dismissing Plaintiff's Amended Complaint against both Defendants in its entirety.

## ARGUMENT

## POINT I

### THE COURT SHOULD GRANT SUMMARY JUDGMENT DISMISSING PLAINTIFF'S AMENDED COMPLAINT BECAUSE METLIFE'S DETERMINATION THAT DECEDENT'S CHILDREN WERE THE PROPER BENEFICIARIES WAS NOT ARBITRARY AND CAPRICIOUS

**A.    THE COURT MUST REVIEW THIS MATTER UNDER THE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW.**

As argued in Defendants' Memorandum of Law In Support Of Their Motion For Summary Judgment ("Defendants' MOL") dated July 12, 2010, POINT I (Doc. No. 43), the Court should review MetLife's benefit claim determination under the deferential arbitrary and capricious standard of review. Defendants respectfully refer the Court to the arguments raised therein.

In her opposition, Plaintiff incorrectly argues that evidence of a conflict of interest actually affecting the decision-making requires that the Court must apply a *de novo* standard of review. (As stated in Defendants' MOL, Defendants specifically deny that any conflict of interest influenced its decision-making.). Plaintiff's argument is premised on outdated case law. In *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, __, 128 S.Ct. 2343, 2350 (2008), the U.S. Supreme Court rejected Plaintiff's argument, stating that "[w]e do not believe that *Firestone's* statement implies a change in the *standard* of review, say, from deferential to *de novo* review." In this regard, the U.S. Court of Appeals for the Second Circuit has delineated a new standard based on *Glenn* and ruled that the Court must apply a deferential review "even where the plaintiff shows that the conflict of interest affected the choice of a reasonable interpretation." *McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008). The U.S. Supreme Court and the Second Circuit have recently reiterated this same rule. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1647 (2010) (noting in *Glenn* that the Court held "a systemic conflict of interest does not strip a plan administrator of

2

deference."); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 74, 82 (2d Cir. 2009) (rejecting plaintiff's argument to change standard of review, stating "we find unpersuasive [plaintiff]'s assertion that *de novo* review is warranted on the basis of MetLife's structural conflict of interest."). Thus, Plaintiff's reliance on Second Circuit decisions issued prior to *Glenn* that have been overruled with respect to changing the standard of review and her arguments based on those cases should be disregarded. Accordingly, the Court should apply the arbitrary and capricious standard of review and should only weigh conflict of interest as a single factor.

### B. METLIFE'S DETERMINATION TO APPROVE THE DECEDENT'S CHILDREN'S CLAIM AND PAY THEM THE PLAN BENEFITS WAS NOT ARBITRARY AND CAPRICIOUS.

At the time of Decedent's death, there was no record of a completed beneficiary designation form on file, naming the beneficiary or beneficiaries of Plan benefits. (258). As a result, the Plan's "facility of payment" clause governed how benefits must be paid.

When MetLife determined that Decedent's children, Elizabeth and Edward Wagner, Jr., were the only proper beneficiaries on January 13, 2006, it had only the following information: (i) a completed form from UAL, indicating that Elizabeth Wagner, Decedent's daughter, had filed a claim with UAL and that there was no designated beneficiary on file (258); (ii) Elizabeth Wagner and Edward Wagner, Jr.'s completed claim forms, indicating that Decedent was divorced at the time of his death (243-45); (iii) a Claimant's Affidavit sworn to by Edward Wagner, Jr., stating that Decedent was divorced from his spouse on November 27, 2002 and did not remarry before his death (260-62); and (iv) a Report of Death indicating that his remains had been shipped back to his family in "Orland Park, Ill." (263-64). None of these documents indicated that Decedent was survived by a spouse. Furthermore, MetLife had no notice of a competing claim for the Plan benefits. Thus, there were no suspicious circumstances requiring MetLife to further investigate Decedent's children's claim before paying all Plan benefits.

In response to this circumstance, Plaintiff's Opposition attempts to manufacture suspicious circumstances in hindsight and thereby criticize MetLife's determination. First, Plaintiff argues that the Claimant's Statement and Affidavit submitted by Edward Wagner, Jr. in support of the claim for benefits could not be trusted because the

3

person submitting these documents had every reason to lie to obtain the Plan benefits. (Plaintiff's Opp., p. 5). Ironically, Plaintiff asserts that her own uncorroborated proof is beyond reproach or question. Manifestly, every notice and proof of claim for life insurance benefits is submitted by a person seeking to obtain those benefits. Thus, Plaintiff's argument is illogical since all claimants have an interest in obtaining the benefits they are claiming and claims administrators must accept reasonable claims for benefits that are properly supported when there are no suspicious circumstances to warrant skepticism.

Second, Plaintiff argues that the Report of Death was an "unreliable source of information as to the relationship of the Plaintiff and the decedent." (Plaintiff's Opp., p. 6). But MetLife did not rely on this Report in isolation or to the exclusion of all other evidence; rather it was yet another piece of evidence that indicated that there was no need to question the statements in the Claimants' Statements or the Affidavit.

Third, Plaintiff blames MetLife and UAL for failing to investigate Decedent's children's claim further before paying the benefits. But MetLife and UAL are not to blame for Plaintiff's failure to timely submit to MetLife her notice and proof of claim. Indeed, her entire argument is premised on information that she had in her possession and failed to timely provide to MetLife before the claim was paid. But the Plan requires beneficiaries to provide timely notice of claim (042) and neither it nor ERISA imposes a discrete duty to investigate on MetLife. *See Dramse* v. *Delta Family-Care Disability & Survivorship Plan,* No. 07-10287, 2008 WL686597, *8 (5th Cir. Mar. 12, 2008)(quoting *Vega* v. *National Life Ins. Servs., Inc.*, 188 F.3d 287, 298 (5th Cir. 1999))("[i]f the claimant has relevant information in his control, it is not only inappropriate but inefficient to require the administrator to obtain that information in the absence of the claimant's active cooperation"); *Gaither* v. *Aetna Life Ins. Co.,* 394 F.3d 792, 807 (10th Cir. 2004)("we assert the narrow principle that fiduciaries cannot shut their eyes to readily available information when the evidence in the record suggests that the information might confirm the beneficiary's theory of entitlement and when they have little or no evidence in the record to refute that theory"). Further, MetLife would only have reason to further investigate the claim if it was aware of suspicious circumstances. Since the submission of a notice of claim by an interested party cannot be a sufficiently suspicious circumstance as Plaintiff contends, and because all of the evidence received by MetLife at the time it paid Decedent's children's claim

4

indicated that they were the proper beneficiaries, MetLife's payment of the benefits to them was made in good faith and was not arbitrary and capricious.

In this regard, Plaintiff's argument that MetLife's group life claims department was required to search the records of all of other MetLife departments to confirm whether the information it received in a Claimant's Affidavit and Claimant's Statement is correct is specious. First, requiring MetLife to search this information would complicate every benefit claim and increase the costs of administering all plans. (*See* Defendants' Opp., p. 12). Second, Plaintiffs' argument that the MetLife group life claims department has access to the MetLife group dental benefit department records is based on nothing more than supposition, and is, in fact, inaccurate. (*See* Declaration of Brian Sciortino dated August 10, 2010). Third, under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, the MetLife group life claims department cannot obtain personal information concerning a participant from the MetLife group dental benefit department without his or her written authorization. Information concerning a participant's insurance coverage for medical and dental insurance coverage is protected health information ("PHI"). 45 C.F.R. §164.105(a)(1)(C). MetLife's group dental department is a "covered entity," as defined by HIPAA's Privacy Rule. 45 C.F.R. §164.501. As such, HIPAA prohibits MetLife's group dental department from sharing PHI with MetLife's group life department. 45 C.F.R. §164.502; *see Randi A.J.* v. *Long Island Surgi-Center*, 46 A.D.3d 74, 842 N.Y.S.2d 558 (2d Dep't 2007) (affirming award of punitive damages for disclosure of PHI). Thus contrary to Plaintiff's baseless assumptions, MetLife's group life claims department, which administered benefit claims under the UAL Plan, did not have any ability to access records in MetLife's group dental department to determine if Decedent had any other potential beneficiaries.

Plaintiff's opposition also tries to lard the record with additional facts that were not placed before MetLife when it rendered its decision to pay all Plan benefits to Decedent's children. These facts are immaterial and should not be considered by the Court because they are not relevant to whether MetLife's determination on January 13, 2006 that Decedent's children were the proper beneficiaries was proper. The Court is respectfully referred to Defendants' Memorandum of Law In Opposition To Plaintiff's Motion For Summary Judgment ("Defendants'

5

Opp."), dated July 30, 2010 (Doc. No. 55), POINT I, B for a detailed discussion of the law on this point. Moreover, to the extent the documents that Plaintiff offers in support of her motion for summary judgment prove anything, it is that Plaintiff should have put all of this evidence before MetLife when it was deciding Decedent's children's claim, rather than waiting until she filed her motion for summary judgment—effectively "sandbagging" Defendants with proof that had never previously been disclosed. (*See* Defendants' Opp., Point I, B).

Plaintiff also tries to distinguish *Crosby* v. *Crosby*, 986 F.2d 79 (4th Cir. 1993), which Defendants cite as support for the proposition that a claim administrator's good faith payment of Plan benefits extinguishes its liability under the Plan. In *Crosby*, MetLife paid a portion of the plan benefits to the decedent's second wife upon the understanding that she was the legal spouse of the decedent without notice of a competing claim from the first wife. *Id.* at 81. The first wife sought to recover the benefits paid by MetLife to the second wife because she never was legally divorced from the decedent and therefore, the second wife was not the decedent's legal spouse. The U.S. Court of Appeals for the Fourth Circuit rejected the second wife's claim, finding "[a]t the time MetLife/GM made its determination, the only evidence available was [the second wife's] presumptively valid marriage certificate and [the decedent's] designation of [the second wife] as his wife and beneficiary." *Id.* at 84. Plaintiff argues that *Crosby* is distinguishable from the facts in this case because in *Crosby* MetLife relied on a marriage certificate. (Opp., pp. 7-8). But Plaintiff's argument makes little sense in the instant case because there is no dispute that Decedent's children are legally his children and thus entitled to benefits under the Plan's facility of payment provision, if there is no surviving spouse. Furthermore, Plaintiff's purported distinction only serves to undermine all of her other arguments regarding the sufficiency of her own marriage certificate because, as the court found in *Crosby*, a marriage certificate is not irrefutable proof that a couple is legally married.

At the time MetLife approved Decedent's children's claim, all of the information in the administrative record demonstrated that they were the only proper beneficiaries. Accordingly, MetLife's payment of all Plan benefits to Decedent's children was made in good faith and therefore, MetLife is discharged from any further liability under the Plan. (*See* Defendants' Opp., POINT II).

### C. PLAINTIFF'S ARGUMENT THAT METLIFE OPERATED UNDER A CONFLICT OF INTEREST IS MERITLESS.

The record demonstrates that MetLife was not affected by the structural conflict of interest the Supreme Court in *Metropolitan Life Ins. Co.* v. *Glenn,* 554 U.S. 105, __, 128 S.Ct. 2343, 2349-50 (2008) held exists when MetLife determined that Decedent's children were the proper beneficiaries of the Plan benefits because it acknowledged that it owed the benefits, and in fact, paid those benefits in full.  Plaintiff's failure to timely submit proof of her claim does not in any way demonstrate that MetLife's structural conflict of interest somehow influenced its decision not to pay her, because under the express terms of the Plan MetLife does not have any obligation to pay Plan benefits twice.  In fact, the Plan states that "[a]ny payment will discharge the insurance company's liability for the amount so paid." (039, 102).  (*See* Defendants' Opp., POINT I, C).  Therefore, Plaintiff's attempts to manufacture evidence that MetLife's conflict of interest affected its determination should be disregarded.

## POINT II

### SUMMARY JUDGMENT DISMISSING PLAINTIFF'S FIRST THROUGH THIRD CAUSES OF ACTION AGAINST METLIFE AND HER FIRST CAUSE OF ACTION AGAINST UAL SHOULD BE GRANTED BECAUSE THESE CLAIMS ARE BARRED BY LACHES

Plaintiff may not recover on her First through Third Causes of Action against MetLife alleging claims under ERISA §502(a)(1)(B) and §502(a)(3) and her First Cause of Action against UAL under ERISA §502(a)(3) because these claims are all barred by the doctrine of laches.  Plaintiff's opposition argues that Defendants waived their right to assert laches as a defense because MetLife did not invoke this doctrine in its letters it sent to Plaintiff prior to the inception of this lawsuit.

Plaintiff's argument is wrong for two reasons.  First, MetLife's letters to Plaintiff asserted the facts establishing that her claim for benefits was barred by laches and there was no need to use the specific term in corresponding with a claimant.  Specifically, by letter dated June 6, 2007, MetLife advised Plaintiff that it had paid all Plan benefits to Decedent's children based on the Claimant's Affidavit because it had no notice or knowledge of a competing claim.  (266-67).  By letter dated September 20, 2007, MetLife advised Plaintiff that it had paid all Plan benefits to Decedent's children in good faith.  (273-74).  By letter dated August 4, 2008, MetLife responded to Plaintiff's counsel's letter by advising him that it had re-examined the entire claim file, confirmed that the Claimant's

7

Affidavit did not indicate that Decedent was married at the time of death and stated that MetLife paid the "claim in good faith according to the information on file at the time of payment." (213-14). Accordingly, each and every letter advised Plaintiff and her counsel that the claim had already been paid and that MetLife did not have notice of Plaintiff's claim at the time it paid the life benefits to Decedent's children.

Second, the defense of laches is not a condition in the Plan that can be waived and therefore, it does not need to be raised by a claims administrator. For these reasons, Plaintiff incorrectly relies on *Shutts* v. *First Unum Life Ins. Co. Of Am.*, 310 F. Supp. 2d 489, 494-95 (N.D.N.Y. 2004), where the Court found that the defendant insurer waived its right to deny the claim based on late notice where it failed to raise the issue. The defense of late notice is a condition of the plan, which can be waived. Laches, however, is a defense based "upon the maxim that equity aids the vigilant and not those who slumber on their rights." BLACK'S LAW DICT., p. 875 (6th Ed. 1991). The defense of laches was timely asserted as an affirmative defense in Defendants' Answer and thus not waived. (Declaration of Michael H. Bernstein dated July 12, 2010 (Doc. No. 46-3) at Eighteenth Affirmative Defense).

Plaintiff also argues that UAL cannot assert the defense of laches because it received telephone calls and correspondence from her but failed to respond to those communications. This argument is incorrect. Initially, UAL also timely raised the affirmative defense of laches in Defendants' Answer and therefore did not waive such defense. Furthermore, UAL was Decedent's employer and was not the Plan administrator or a fiduciary that owed any obligation to Plaintiff. (*See* Defendants' Opp., pp. 17-18). Moreover, Plaintiff's arguments on this point rely on documents and evidence not properly disclosed in this litigation and therefore, the Court should disregard those arguments. (See Defendants' Motion To Strike, Doc. Nos. 52-54). Accordingly, Plaintiff's claims of purported communications with UAL, regardless of whether they actually occurred, do not support her argument that UAL waived the defense of laches.

## POINT III

### THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CAUSES OF ACTION SOUNDING IN BREACH OF FIDUCIARY DUTY UNDER ERISA

**A.   PLAINTIFF HAS FAILED TO IDENTIFY A BREACH OF ERISA FIDUCIARY DUTY.**

Plaintiff's Second and Third Causes of Action against MetLife and First Cause of Action against UAL allege that Defendants breached ERISA fiduciary duties in the administration of Plaintiff's claim for Plan benefits. ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) only provides "participants, beneficiaries, or fiduciaries with an express cause of action." *Franchise Tax Bd.* v. *Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983). Since Defendants did not owe any fiduciary duties to Plaintiff at the time she attempted to first file her notice of claim, her causes of action for breach of fiduciary duty should be dismissed. (*See* Defendants' MOL, POINT III, Defendants' Opp., POINT IV, A). In addition, Plaintiff's causes of action against UAL must be dismissed because UAL was not a Plan fiduciary and thus did not owe her any fiduciary duty under ERISA. (*See* Defendants' Opp., POINT IV, B).

Plaintiff's opposition to Defendants' arguments in support of their motion for summary judgment is a verbatim recitation of the same arguments she made in support of her motion for summary judgment. (*Compare* Memorandum In Support of Plaintiff's Motion For Summary Judgment dated July 12, 2010 (Doc. No. 48), pp. 12-17 *with* Plaintiff's Opp. (Doc. No. 58), pp. 22-33). Since Plaintiff does not raise any new issues, Defendants respectfully refer the Court to POINT IV of their Memorandum In Opposition (Doc. No. 55), which addresses Plaintiff's opposition on this point.

**B.     PLAINTIFF'S ERISA BREACH OF FIDUCIARY DUTY CLAIMS DO NOT SEEK ANY COGNIZABLE RELIEF UNDER ERISA §502(a)(3).**

Plaintiff concedes that the relief sought in her breach of ERISA fiduciary duty causes of action is payment of the monetary equivalent of the benefits she is no longer able to recover due to her failure to timely notify MetLife of her competing claim for Plan benefits. (Plaintiff's Opp., p. 34). Defendants respectfully refer the Court to POINT IV, C of their Memorandum of Law In Opposition (Doc. No. 55) which discusses the controlling law and explains why monetary damages are not "other appropriate relief" available under ERISA §502(a)(3).

Remarkably, Plaintiff argues that the Sixth Circuit's opinion in *Warren* v. *Society National Bank*, 905 F.2d 975 (6th Cir. 1990) provides support for her argument that she can properly seek monetary damages under ERISA §502(a)(3). Clearly Plaintiff's counsel failed to fully research that decision, which was overruled by the U.S. Supreme Court in *Mertens* v. *Hewitt Assocs.*, 508 U.S. 248 (1993). *See Helfrich* v. *PNC Bank Kentucky, Inc.*, 267 F.3d 477, 482 (6th

9

Cir. 2001) (noting *Warren* "was abrogated by *Mertens*."). Plaintiff's argument is also contrary to two other U.S. Supreme Court decisions and controlling Second Circuit authority on this point. (*See* Defendants' Opp., POINT IV). Since the sole case that Plaintiff relies on has been overruled and is contrary to controlling law in this Circuit, her causes of action sounding in breach of ERISA fiduciary duty should be dismissed.[2] Accordingly, the Court should grant summary judgment to MetLife dismissing these causes of action.

## POINT IV

### SUMMARY JUDGMENT DISMISSING PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST METLIFE AND SECOND CAUSE OF ACTION AGAINST UAL FOR ATTORNEY'S FEES SHOULD BE GRANTED

Plaintiff's Fourth Cause of Action against MetLife and Second Cause of Action against UAL alleges a claim for attorney's fees under ERISA 502(g)(1), 29 U.S.C. §1132(g)(1). Plaintiff has not opposed this portion of Defendants' motion. Since there is no opposition, Defendants' unopposed motion on this point should be granted.

## CONCLUSION

For the foregoing reasons as well as those set forth more fully in Defendants' Memorandum of Law In Support of the Motion and in Opposition to Plaintiff's motion for summary judgment, this Court should grant summary judgment to MetLife and UAL and dismiss Plaintiff's Amended Complaint.

Dated: New York, New York
August 13, 2010

Respectfully Submitted,
s/_____
Michael H. Bernstein (MB-0579)
John T. Seybert (JS-5014)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorneys for Defendants*
METROPOLITAN LIFE INSURANCE COMPANY
& UNITED AIR LINES, INC.
125 Broad Street
New York, New York 10004-0004

---

[2] Notably, this is the second time in the same opposition that Plaintiff's counsel failed to acknowledge a significant change in the law. As noted in Point I, A, *supra*, Plaintiff continues to argue for a *de novo* standard of review, while citing to *Glenn, supra*, which rejected Plaintiff's argument. *Smith* v. *United Transp. Union Local No. 81*, 594 F. Supp. 96, 101 (S.D. Cal. 1984) (noting the citation to a vacated decision on which the attorney relied on "is more than a merely sloppy failure to "Shepardize" a case."). Defendants do not seek sanctions at this point provided that Plaintiff withdraws her breach of fiduciary duty causes of action based on a frivolous legal argument.

10

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was served via ECF on this 13th day of August, 2010, upon the following:

> Benjy M. Corpuz, Esq.
> 40-35 Hampton Street
> Elmhurst, New York 11373

s/
JOHN T. SEYBERT

Dated:   New York, New York
         August 13, 2010