UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse,
herein represented by CORPUZ AND                    Civ. Act. No.:  08-CV- 11284 (GBD)
ASSOCIATES, P.C., as her Attorney-in-Fact,

                        Plaintiff,                    <u>DOCUMENT</u>
                                                                                 <u>ELECTRONICALLY FILED</u>
       -against-

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIR LINES, INC.
EDWARD WAGNER AND
ELIZABETH WAGNER,
                      Defendants.
------------------------------------------------------------------X

_____
_____


**PLAINTIFF'S MEMORANDUM  OF LAW IN OPPOSITION TO  DEFENDANTS METLIFE AND UAL'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

_____
_____


                                           CORPUZ AND ASSOCIATES, P.C.
                                           Counsel for Plaintiff SONIA I. WAGNER
                                           40-35 Hampton St., Unit 2F
                                           Elmhurst, New York 11373
                                           (646) 431-5140/(212-695-5281/82
                                           Fax No. (212) 563-2664


Benjy M. Corpuz
E-mail Address: <u>attybmc@yahoo.com</u>
Bar I.D. No. BC-2223

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . .. . .1

**LEGAL ARGUMENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**I. CONSIDERING THE FACTUAL CIRCUMSTANCES OF THIS CASE, AND UNDER THE *DE NOVO* STANDARD OF REVIEW, THIS COURT MAY CONSIDER PLAINTIFF'S AFFIDAVIT AND ITS SUPPORTING PAPERS AND DOCUMENTS IN SUPPORT OF HER MOTION.** . . . . . . . . . . . . . . . . . . . . . . . 2

**II. DEFENDANTS METLIFE AND UAL FAILED TO SERVE DISCOVERY REQUESTS TO THE PLAINTIFF. DEFENDANTS, THEREFORE, WAIVED THEIR RIGHT TO DISCLOSURE PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**III. PLAINTIFF MRS. WAGNER'S AFFIDAVIT IS ADMISSIBLE UNDER RULE 56(e) OF THE FED.R.CIV.P. ACCORDINGLY, PLAINTIFF'S LOCAL RULE 56.1 STATEMENT IS SUPPORTED BY ADMISSIBLE EVIDENCE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

**CASES**

Metropolitan Life Insurance Company v. Glenn,
128 S. Ct. 2343 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Sullivan v. LTV Aerospace & Defense C.,
82 F.2d 1251, 1255 (2nd Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Also Whiney v. Empire Blue Cross & Blue Shield,
106 F.3d 475, 477 (2nd Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Tremain v. Bell Industries, Inc.
196 F. 3d 970 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Moon v. American Home Assur. Co.,
888 F.2d 86 (11th Cir. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Deegan v. Continental Cas. Co.,
167 F. 3d 502 (9th Cir. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Woody v. Fortis Benefits Ins. Co.,
2000 WL 2458 (E.D. La. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES & REGULATIONS**

Fed. R.Civ. P. Rule 26(a)(1)(A) and (B) . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . 2, 5. 6

Rule 37(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 56 of the Fed.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Plaintiff, SONIA I. WAGNER ("Mrs. Wagner"), by and through her attorneys, CORPUZ AND ASSOCIATES, P.C., submits this Memorandum of Law in Opposition to Defendants MetLife and UAL's Motion to Strike Plaintiff's Affidavit and in Further Support of Plaintiff's Motion for Summary Judgment.

In the Memorandum of Law in Support of Defendants' Motion to Strike, MetLife attempts unsuccessfully to show that its decision to pay life benefit to the Decedent's children and deny Plaintiff's claim was not arbitrary and capricious as "it had already paid the benefits in good faith to the Decedent's children."  The undisputable fact remains, however, that MetLife failed to follow its own and the Plan's claim procedure and imprudently paid decedent's life insurance benefits to the wrong beneficiaries based on an unsubstantiated, unreliable, self-serving and fraudulent affidavit without any effort, whatsoever, to determine the validity and truthfulness of the assertions contained in the affidavit. And, thereafter, denied Plaintiff's claim in bad faith by intentionally withholding vital forms and information and claim rights and procedures, admittedly provided confusing and contradictory information and in violation of its own and the Plans' claim procedure.

Likewise, MetLife and UAL claim that the "Court may not accept evidence that was not before MetLife at the time it made its benefit determination" and that "Plaintiff's Affidavit and all of the supporting exhibits should be stricken as being outside of the administrative record." Defendant's claim is without merit. Considering that MetLife failed to follow its own and the Plans' claim procedure and imprudently paid benefits to the wrong beneficiaries and denied

1

Plaintiff's claim in bad faith and, under the *de novo* standard of review, the Court can consider evidence that was not before MetLife at the time it made its benefit determinations.

Surprisingly, it is Defendants MetLife and UAL' position that "Plaintiff's Affidavit and the majority of her supporting exhibits should be stricken for the additional reason that she failed to disclose any of this information or proof in discovery" in violation of Rule 26(a). Defendants position is misplaced as it is without merit. Clearly, the instant case falls squarely under the exceptions for the mandatory disclosure requirement of Rule 26(a)(1). And, admittedly, Defendants did not serve any discovery request on the Plaintiff. More particularly, Defendants did not request Plaintiff for Initial Disclosure and Plaintiff and the Defendants have no standing agreement to make initial disclosure without need of formal discovery request. Likewise, there is no order from the Court for the parties to make Initial Disclosures without awaiting for formal discovery request. Consequently, Plaintiff has no duty to disclose pursuant to Rule 26(a)(1). And, if Defendants wanted initial disclosure pursuant to the Rule 26(a)(1), Defendants should have made the request, otherwise, Defendants' right thereto, if there is/are any, was deemed waived pursuant to same Rule 26(a)(1).

**LEGAL ARGUMENTS**

**I. CONSIDERING THE FACTUAL CIRCUMSTANCES OF THIS CASE, AND UNDER THE *DE NOVO* STANDARD OF REVIEW, THIS COURT MAY CONSIDER PLAINTIFF'S AFFIDAVIT AND ITS SUPPORTING PAPERS AND DOCUMENTS IN SUPPORT OF HER MOTION.**

In their Memorandum of Law, MetLife and UAL reiterated their position that "(W)hen a claim administrator is given such a discretionary authority to determine a claimant's eligibility for benefits the court must view its discretion with a strong measure of deference and may only

2

reverse the administrator's actions if the court finds them to be arbitrary and capricious." And, "(W)hen performing this review, the Court must not consider any evidence outside of the 'administrative record.'"

In this case, however, MetLife's decision to pay life benefits to decedent's children was arbitrary, capricious and unreasonable as it was made and arrived at in violation of its own claim procedures and instructions, without any reasonable inquiry and adequate investigation as to the truth and veracity of the information received, and in clear violation of its fiduciary duty of prudence as the claim determination was unsupported by substantial, reliable, competent and independent evidence. On the other hand, MetLife's denial of Plaintiff Mrs. Wagner's claim was arbitrary and capricious (with glaring badges of bad faith) because MetLife denied Plaintiff a full and fair review by intentionally withholding claim forms, copies of documents, records and other information relevant to Plaintiff's claim, despite written request; and, more importantly, MetLife intentionally withheld review and/or appeal procedure, as well as, critical advise/statement that Plaintiff has the right to bring a civil action if claim is denied after appeal; MetLife ignored reliable evidence showing that Mrs. Wagner is the surviving spouse; MetLife admittedly gave conflicting information on whether or not there were named beneficiaries to receive benefits under the policy; MetLife failed to follow its claim procedure resulting in the payment of proceeds to the wrong beneficiary/ies; and MetLife failed to provide promised benefits under the Plan.

Additionally, the Supreme Court, in <u>Metropolitan Life Insurance Company v. Glenn</u>, 128 S. Ct. 2343 (2008), declared as follows:

> "The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court. 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq.,

3

> see § 1132(a)(1)(B).  Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that the reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)."

The Second Circuit has held that when "the administrator was in fact influenced by the conflict of interest, the deference otherwise accorded the administrator's decision drops away and the court interprets the plan *de novo*." Sullivan v. LTV Aerospace & Defense C., 82 F.2d 1251, 1255 (2nd Cir. 1996). See Also Whiney v. Empire Blue Cross & Blue Shield, 106 F.3d 475, 477 (2nd Cir. 1997). And, in Tremain v. Bell Industries, Inc. 196 F. 3d 970 (9th Cir. 1999), the Ninth Circuit held that evidence outside the administrative record may be considered by the court to determine whether an ERISA covered benefit plan administrator's decision was affected by a conflict of interest. Please see also Moon v. American Home Assur. Co., 888 F.2d 86 (11th Cir. 1989) and Deegan v. Continental Cas. Co., 167 F. 3d 502 (9th Cir. 1999) (the *de novo* standard of review allows the court to consider evidence that was not before the plan administrator, reasoning that the *de novo* standard did not mean just a *de novo* determination of whether the plan fiduciary made a correct decision).

And, finally, in Woody v. Fortis Benefits Ins. Co., 2000 WL 2458 (E.D. La. 2000), the Court held that although additional medical evidence is precluded, a participant may submit additional evidence with respect to the plan administrators interpretation of the plan. In this case, it is Defendant's position that they have not violated the terms of the Plan's claim procedure.

Plaintiff claims otherwise. Plaintiff, therefore, should be allowed to submit additional evidence, in the form of affidavit, among others, to substantiate her claim that Defendants MetLife and UAL failed to follow MetLife and the Plan's claim procedure.

## II. DEFENDANTS METLIFE AND UAL FAILED TO SERVE DISCOVERY REQUESTS TO THE PLAINTIFF.  DEFENDANTS , THEREFORE, WAIVED THEIR RIGHT TO DISCLOSURE PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants MetLife and UAL carefully quoted the provisions of Rule 26 (a)(1)(A) but conveniently ignored the exceptions under Rule 26(a)(1)(B). Indeed, the pertinent portion of Rule 26(a)(1)(A) and (B) clearly provides, as follows:

> "Rule 26. Duty to Disclose; General Provisions Governing Discovery
>
> (a) Required Disclosures.
>
> (1) Initial Disclosures.
>
> (A) *In General*. **Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request,** provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> X x x x x x x

5

> (B) *Proceedings Exempt from Initial Disclosure*. **The following proceedings are exempt from initial disclosure:**
>
> **(i) an action for review on an administrative record;**
>
> (ii) X x x x x x x" (Emphasis supplied)

As Defendants' position all along, this is an action for a review on an administrative record under ERISA. Clearly, the instant case falls squarely under the exceptions for the mandatory disclosure requirement of Rule 26(a)(1). And, admittedly, Defendants did not serve any discovery request on the Plaintiff. More particularly, Defendants did not request Plaintiff for Initial Disclosure and Plaintiff and the Defendants have no standing agreement or stipulations to make initial disclosure without need of formal discovery request.  Likewise, there is no Order from the Court for the parties to make Initial Disclosures without waiting for formal discovery request. Consequently, Plaintiff has no duty to disclose pursuant to Rule 26(a)(1). And, if Defendants wanted initial disclosure pursuant to the Rule 26(a)(1), Defendants should have made the request, otherwise, Defendants right thereto, if there is/are any,  was deemed waived pursuant to same Rule 26(a)(1).

Indeed, Plaintiff served various discovery requests, including Request for Initial Disclosure, under Fed R. Civ. P. 26(a)(1) on December 28, 2009. (Declaration of Benjy M. Corpuz dated August 13, 2010, Exhibit "A"). Defendants provided their Initial Disclosure, as requested by the Plaintiff, on February 18, 2010. Despite receiving Plaintiff's Request for Initial Disclosure and despite providing initial disclosure pursuant to the request, Plaintiff never served any initial disclosure request or any discovery request for that matter. Accordingly, Defendants effectively waived their rights, if there are any, to discovery.

As a matter of fact, Plaintiff has been waiting and waiting for the Defendants to serve their discovery demands so she can serve to the Defendants all these supporting papers and documents in her possession to support her claim for life insurance benefits. Instead of discovery requests, however, Plaintiff received a proposed schedule from the Defendants on their intended Motion for Summary Judgment.

And, considering that this case falls squarely under which a duty to make disclosure will be excused, the sanction of preclusion under Rule 37(c)(1) clearly does not apply.

Furthermore, even assuming for the sake of argument, that Plaintiff should have, on her own volition without need of formal discovery request (but as a courtesy to the opposing party), made initial disclosures to the Defendants, the failure is substantially justified or is harmless.

In this case, considering that this case falls squarely under the exceptions, Plaintiff served on the Defendants a Request for Initial Disclosure and other various discovery requests. Defendants served their responses to Plaintiff's Request for Initial Disclosure and other discovery requests. Defendants never served a Request for Initial Disclosure or any request for discovery demands to the Plaintiff.  Plaintiff and the Defendants have no stipulation to make disclosure even without need of formal discovery request. Clearly, the failure of Plaintiff to voluntarily comply with initial disclosure is justified.

More surprisingly, Defendants claim that "Plaintiff's failure to disclose this information cannot be considered harmless" as "(I)f these materials had been properly identified and disclosed earlier in this litigation, Defendants could have taken steps to depose Elizabeth Wagner and Edward Wagner, Jr., and do other discovery to test the veracity of Plaintiff's submissions."

Contrary to what the Defendants would want this Court to believe, however, the failure of Plaintiff to voluntarily disclose information in this case was harmless. While the Plaintiff served

various discovery demands, the Defendants MetLife and UAL, in response thereto, objected to all the requested information and documents and limited the Plaintiff to what is in the administrative records, the Certificate of Insurance and the Summary Plan Description of the Plan. And, in response to Plaintiff's Notice of Deposition, the Defendants vehemently objected to the same as the "depositions of MetLife and UAL in this action will not lead to the discovery of relevant information or lead to the discovery of admissible evidence." Clearly, the Defendants are not interested in providing information and documents except those that are already in the administrative records of MetLife. Likewise, the Defendants are not interested in receiving any discoverable information and evidence that the Plaintiff might have in order to support her claim for insurance benefits as they arrogantly claim that discovery requests will not lead "to the discovery of relevant information or lead to the discovery of admissible evidence" as this Court is powerless to consider other evidence outside the "administrative records" of this case.

**III. PLAINTIFF MRS. WAGNER'S AFFIDAVIT IS ADMISSIBLE UNDER RULE 56(e) OF THE FED.R.CIV.P.  ACCORDINGLY, PLAINTIFF'S LOCAL RULE 56.1 STATEMENT IS SUPPORTED BY ADMISSIBLE EVIDENCE.**

Rule 56 of the Fed.R.Civ.P. pertinently provides, as follows:

> *Rule 56. Summary Judgment*
>
> (a) By a Claiming Party.
>
> A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

>(b) By a Defending Party.
>
>A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment
>
>X x x x x .
>
> (e) Affidavits; Further Testimony.
>
>**(1) In General.**
>
>A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
>**(2) Opposing Party's Obligation to Respond.**
>
>When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
>
>X x x x x x."

In this cased, Plaintiff Mrs. Wagner's  Affidavit was unquestionably made on her personal knowledge, set out facts that would be admissible in evidence, and clearly show that, as the Plaintiff, she is competent to testify on the matters stated in her own affidavit, subscribed and sworn to before Regina L. Nixon, Consular Associate, United State of America at the Embassy of the United States of America, City of Manila, Philippines. Clearly, Plaintiff's Rule 56.1 Statements are all based on admissible evidence.

Consequently, the Defendants MetLife and the UAL have the obligation to respond to Plaintiff's Affidavit – by at least a counter-affidavit – setting out specific facts showing a genuine issue for trial. To this date, however, they have not except for this Motion to Strike. Accordingly, since the Defendants MetLife and UAL failed to respond to Plaintiff's Affidavit, the allegations and supporting information and documents attached thereto are deemed admitted. Summary Judgment should be entered against Defendants MetLife and UAL.

**CONCLUSION**

In light of the foregoing, Plaintiff, Mrs. Wagner, most respectfully requests that this Honorable Court deny Defendants Motion to Strike Plaintiff's Affidavit, together with such and further remedies as this Court deem just and proper.

Dated:   Elmhurst, New York          _____/S/_____
         August 13, 2010              **BENJY  M.  CORPUZ**

## CERTIFICATE OF SERVICE

I, BENJY M. CORPUZ, hereby certify and affirm that a true and correct copy of the annexed PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS METLIFE AND UAL'S MOTION TO STRIKE AND IN FURTHER SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT was served via Electronic Case Filing (**ECF**) on this August 13, 2010  upon:

>MICHAEL H. BERNSTEIN, ESQ.
>JOHN T. SEYBERT, ESQ.
>SEDGWICK, DETERT, MORAN & ARNOLD, LLP
>Attorneys for Defendant
>METROPOLITAN LIFE INSURTANCE COMPANY
>And UNITED AIR LINES, INC.
>125 Broad Street, 39th Floor
>New York, New York 10004
>Tel. No. (212) 244-0202
>Fax No. (212) 422-0925
>[SDMA File #0584-007580]

_____/S/_____
BENJY M. CORPUZ, Esq.

Dated: 13 August 2010
      Elmhurst, New York