UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SONIA I. WAGNER, Surviving Spouse, herein
represented by CORPUZ AND ASSOCIATES,                 Civ. Act. No.: 08 CV 11284 (GBD)
P.C., as Attorney-in-Fact,

                                Plaintiff,            DOCUMENT
                                                     ELECTRONICALLY FILED
                    -against-

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIR LINES, INC., EDWARD WAGNER
AND ELIZABETH WAGNER,

                                Defendants.
--------------------------------------------------------------------X

=================================================================

**METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
STRIKE**

=================================================================

SEDGWICK, DETERT, MORAN & ARNOLD LLP
***Attorneys for Defendants***
METROPOLITAN LIFE INSURANCE COMPANY
and UNITED AIR LINES, INC.
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

Michael H. Bernstein
John T. Seybert
    *Of counsel*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT..............................................................................................1

ARGUMENT.............................................................................................................................2

POINT I

    THIS COURT MAY NOT CONSIDER  PLAINTIFF'S
    EXTRA-RECORD SUBMISSIONS ...................................................................................2

POINT II

    THE COURT SHOULD STRIKE PLAINTIFF'S AFFIDAVIT AND SUPPORTING
    EXHIBITS BECAUSE THEY WERE NEVER PREVIOUSLY IDENTIFIED OR
    PRODUCED IN DISCOVERY ...........................................................................................4

POINT III

    THE CORRESPONDING PARAGRAPHS IN PLAINTIFF'S RULE 56.1 STATEMENT
    MUST ALSO BE STRICKEN TO THE EXTENT THEY ARE SUPPORTED BY
    INADMISSIBLE EVIDENCE .............................................................................................6

CONCLUSION.........................................................................................................................6

Page(s)

## Cases

*Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 74, 82 (2d Cir. 2009) ................................3

*Locher* v. *Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294 (2d Cir. 2004) ........................3

*Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008) ....................3

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
   No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010) ............................4

## Statutes

Employee Retirement Income Security Act of 1974 ("ERISA"),
   29 U.S.C. §1001, *et seq.* ........................................................................1

FED. R. CIV. P., Rule 37(c)(1) ....................................................................1, 4

FED. R. CIV. P., Rule 56(e) ........................................................................1, 6

FED. R. CIV. P., Rule 56.1(d) ....................................................................6

FED. R. CIV. P., Rule 26 ............................................................................2

FED. R. CIV. P., Rule 26(a) ......................................................................2 - 5

FED. R. CIV. P., Rule 37(c) ........................................................................4

## PRELIMINARY STATEMENT

Defendants, Metropolitan Life Insurance Company ("MetLife") and United Air Lines ("UAL"), respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to Rules 56(e) and 37(c)(1), FED. R. CIV. P., for an order striking the Affidavit of Sonia Wagner and the exhibits annexed thereto (Doc. No. 51; hereinafter, "Plaintiff's Affidavit"), as well as all corresponding statements in her Rule 56.1 Statement (Doc. No. 49) that are based on this inadmissible evidence.

In support of their motion to strike, Defendants demonstrated that MetLife is vested with discretionary authority to determine a claimant's eligibility for benefits and that the Court must review MetLife's decision under the arbitrary and capricious standard of review. Pursuant to controlling precedent from the U.S. Court of Appeals for the Second Circuit, a Court may not accrete the administrative record with additional facts or materials that fall outside that record. In opposition, Plaintiff argues that the Court can consider such extra-record evidence under a *de novo* standard, but fails to demonstrate that a *de novo* review would be appropriate. Furthermore, even under a *de novo* review, Plaintiff must demonstrate good cause to supplement the record, which she has failed to do. Finally, while Plaintiff argues that the evidence may be considered by the Court for the limited purpose of proving conflict of interest or a procedural defect, Plaintiff failed to make any showing in her papers that the extra-record evidence she offers is relevant to these issues. Indeed, the majority of these documents were submitted to prove that Plaintiff was the legal spouse of the decedent, Edward Wagner, and thus entitled to receive the Plan benefits at issue in this litigation, which is the substance of the dispute between the parties. Consequently, Plaintiff's arguments in this regard are nothing more than a shell-game and should be disregarded.

Even if some of Plaintiff's extra-record evidence was even relevant and material to proving a conflict of interest or procedural error, the Court should still not consider it because Plaintiff never

1

produced or identified any of these documents in discovery.  Plaintiff now claims that she fully intended to provide the documents and information to Defendants, but had no obligation to do so because Defendants did not serve her with any discovery demands.  Plaintiff further argues that she did not have an obligation to provide initial disclosures pursuant to Rule 26(a)(1), FED. R. CIV. P., because this action falls within an exception to Rule 26(a)(1) requirements because the Court's review is limited to an administrative record.  Plaintiff's argument, however, only serves to demonstrate that the Court should not consider the evidence because if the claim is limited to the administrative record, then documents outside the record are inadmissible.

Accordingly, Plaintiff's Affidavit and the Exhibits annexed thereto should be stricken.  Further, to the extent Plaintiff's Rule 56.1 Statement relies on any of this inadmissible evidence, those statements should also be stricken.

## ARGUMENT

## POINT I

### THIS COURT MAY NOT CONSIDER
### PLAINTIFF'S EXTRA-RECORD SUBMISSIONS

For the reasons stated in Defendants' initial Memorandum of Law in support of their motion to strike dated July 30, 2010, Doc. No. 54 ("Def. MOL"), this Court must apply the arbitrary and capricious standard of review and may not consider any evidence outside of the administrative record before MetLife when it made its final claim decision.  (Def. MOL, pp. 2-3).

Plaintiff does not argue that the Court can consider the evidence she offers to prove her claim under the arbitrary and capricious standard of review.  Instead, she argues that the Court could accept the evidence under a *de novo* standard of review.  (Plaintiff's Opposition To Motion To Strike, dated August 13, 2010, Doc. No. 64 ("Plt. Opp."), p. 3).  Plaintiff incorrectly argues that the *de novo* standard of review would apply if the claims administrator's decision-making was in fact influenced by a "conflict of interest."  (*Id.*).  But this is not a correct statement of the law in this Circuit.  In fact,

all of the cases relied on by Plaintiff to support this contention have been overruled on that point by the U.S. Supreme Court in *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008). Indeed, following *Glenn*, the U.S. Court of Appeals for the Second Circuit set forth a new rule, stating that the deferential standard of review does not change to a *de novo* standard where there is evidence that a structural conflict of interest influenced a claim administrator's decision-making. *See Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 74, 82 (2d Cir. 2009) (rejecting plaintiff's argument to change standard of review, stating "we find unpersuasive [plaintiff]'s assertion that *de novo* review is warranted on the basis of MetLife's structural conflict of interest.").

Even if a *de novo* standard of review applied, Plaintiff's Affidavit and the exhibits annexed thereto are still not admissible unless Plaintiff can demonstrate "good cause" for not submitting these documents to MetLife earlier. *See Locher* v. *Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294 (2d Cir. 2004). In this case, Plaintiff has not made any showing of "good cause." Indeed, all of the information Plaintiff submits was always available to her and if she believed the information to be persuasive on her claim of entitlement to benefits, she has no excuse for failing to provide it to MetLife in a timely manner.

Finally, Plaintiff argues that her Affidavit and exhibits should not be stricken because there is an exception to the Court's limited review for documents showing a procedural defect or conflict of interest. (Plt. Opp., p. 4). But Plaintiff never explains the relevancy of these documents and information to either of these issues. None of these documents show a procedural error by the claims fiduciary, MetLife.[1] Further, Plaintiff's Affidavit and exhibits cannot prove a conflict of interest because the documents relate to her substantive claim. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010).

---

[1] Plaintiff argues that MetLife failed to follow its own procedure based on documents that are already in the administrative record. Those arguments are incorrect for the reasons set forth in Defendants' Memorandum of Law In Opposition to Plaintiff's motion for summary judgment, dated July 30, 2010, Doc. No. 55, p. 16.

Accordingly, Plaintiff's Affidavit and exhibits should be stricken because they are extraneous to the administrative record.

**POINT II**

**THE COURT SHOULD STRIKE PLAINTIFF'S AFFIDAVIT AND SUPPORTING EXHIBITS BECAUSE THEY WERE NEVER PREVIOUSLY IDENTIFIED OR PRODUCED IN DISCOVERY**

Plaintiff's Affidavit and exhibits should be stricken on the additional grounds that she failed to disclose any of the documents or the substance of her testimony during discovery. Rule 37(c)(1), FED. R. CIV. P., bars Plaintiff from relying on those documents and proof not identified in discovery. (Def. MOL, POINT II).

Plaintiff inconsistently argues in opposition that she was not obligated to identify or produce this evidence in discovery because the Court's review is limited to the administrative record, which exempts such cases from mandatory disclosures pursuant to Rule 26(a)(1)(B)(i), FED. R. CIV. P. But Plaintiff's argument does not support her contention that the Court should consider her extra-record proof since, by definition, extra-record proof falls outside the administrative record. If the documents are not part of the administrative record and Plaintiff concedes that the Court's review is limited to the administrative record, then the Court cannot consider her Affidavit and exhibits which are outside the administrative record.

Remarkably, Plaintiff admits that she was in possession of all of this proof but chose not to produce it because she did not receive any discovery requests. (Pl. Opp., p. 7). Indeed, Plaintiff claims that she "has been waiting and *waiting* for Defendants to serve their discovery demands so she can serve to the Defendants all these supporting papers and documents in her possession to support her claim for the life insurance benefits." (*Id.*). (italics supplied). But Rule 26(a)(1) requires that "a party must, without awaiting a discovery request" provide her initial disclosures. Thus, Defendants saw no need to serve discovery demands since Plaintiff served no Rule 26(a)(1) disclosure identifying

4

anything to be discovered via such demands.  There is nothing in the Federal Rules of Civil Procedure that would permit Plaintiff (or any party) to "sandbag" Defendants with evidence that was not produced or even identified in discovery, and that Plaintiff concedes she intended to rely on in support of her claim.

Moreover, Plaintiff's failure to disclose this information cannot be considered harmless. These are documents that Plaintiff asserts prove her entitlement to receive the Plan benefits that were paid to former co-defendants, Elizabeth and Edward Wagner.  Plaintiff argues that the failure to disclose the evidence was harmless because Defendants never intended to take a deposition or allow any discovery outside of the administrative record.  (Plaintiff's Opp., p. 8).  But this argument is nothing more than baseless conjecture and surmise.  Plaintiff's assumption is also incorrect because some of the documents that she withheld indicate that Elizabeth Wagner, who was previously a co-defendant that the Court dismissed from the action, may have knowingly misrepresented to MetLife that her decedent father was not married.  Due to Plaintiff's failure to produce these documents earlier, Defendants were deprived of the opportunity to investigate and develop facts to demonstrate that Elizabeth Wagner was responsible to return the benefits that she received and obtain equitable contribution from her under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). Plaintiff's failure to disclose this evidence until summary judgment significantly impaired Defendants' ability to pursue any claim against Elizabeth Wagner or her brother.

For the foregoing reasons, as well as the reasons set forth in Defendants' initial Memorandum of Law in support of this motion, this Court should strike Plaintiff's Affidavit, and all exhibits annexed thereto, in their entirety due to her failure to disclose this information in discovery.

## POINT III

## THE CORRESPONDING PARAGRAPHS IN PLAINTIFF'S RULE 56.1 STATEMENT MUST ALSO BE STRICKEN TO THE EXTENT THEY ARE SUPPORTED BY INADMISSIBLE EVIDENCE

Plaintiff argues that her affidavit and exhibits are based on personal knowledge and that therefore, the corresponding statements in her Rule 56.1 Statement should not be stricken. But this argument is a *non-sequitor* because the basis of Defendants' motion to strike Plaintiff's Rule 56.1 Statement to the extent it relies on Plaintiff's Affidavit and her extra-record submissions is that the information contained in these documents was not properly disclosed. (Def. MOL, POINT III). Plaintiff's personal knowledge argument is utterly besides the point and not worthy of further consideration.

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in their Memorandum of Law, this Court should grant Defendants MetLife's and UAL's motion and strike Plaintiff Sonia Wagner's Affidavit and the extra-record submissions she attaches as exhibits to her Affidavit.

Dated: New York, New York
       August 19, 2010

                              Respectfully Submitted,

                              s/_____
                              Michael H. Bernstein (MB 0579)
                              John T. Seybert (JS 5014)
                              SEDGWICK, DETERT MORAN & ARNOLD LLP
                              *Attorneys for Defendants*
                              METROPOLITAN LIFE INSURANCE COMPANY &
                              UNITED AIR LINES, INC.
                              125 Broad Street, 39th Floor
                              New York, New York 10004-2400

6

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the

attached **METROPOLITAN LIFE INSURANCE COMPANY AND UNITED AIR LINES,**

**INC.'S REPLY MEMORANDUM OF LAW** was served via ECF on this 19th day of August,

2010, upon the following:

> Benjy M. Corpuz, Esq.
> 40-35 Hampton Street, Unit 2F
> Elmhurst, New York 11373


s/ _____
JOHN T. SEYBERT

Dated:    New York, New York
            August 19, 2010