

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
JUL 01 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONIA I. WAGNER,

                 Plaintiff,

-v-

METROPOLITAN LIFE INSURANCE COMPANY, UNITED AIR LINES, INC., EDWARD WAGNER, and ELIZABETH WAGNER,

                 Defendant.

MEMORANDUM DECISION
AND ORDER

08 CV 11284 (GBD) (HBP)

GEORGE B. DANIELS, District Judge:

Plaintiff Sonia I. Wager brought this action against Metropolitan Life Insurance Company ("MetLife") and United Air Lines, Inc., for failure to provide promised benefits to a rightful beneficiary in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., and against Edward Wagner and Elizabeth Wagner (collectively, the "Wagner Children") for fraud.[1] Edward D. Wagner had a life insurance policy issued by MetLife, and there was not a named beneficiary at the time of his death. MetLife paid the benefits to the deceased's children, the Wagner Children, rather than Plaintiff, who claims to be his wife. Defendants MetLife and United moved for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff cross-moved for summary judgment pursuant to Fed. R. Civ. P. 56. Defendants MetLife and United then moved to strike Plaintiff's Affidavit and the exhibits annexed thereto, as well as all corresponding statements in her Rule 56.1 Statement. This Court referred the matter to Magistrate Judge Henry B. Pitman for a Report and

---

[1] Elizabeth Wagner was dismissed from this action due to lack of personal jurisdiction. See Docket # 30. Edward Wagner has not appeared in this action, and an Affidavit of Service does not appear on the docket.

1

Recommendation ("Report"). Magistrate Judge Pitman issued a Report recommending that Defendants' motion for summary judgment be granted; Plaintiff's motion for summary judgment be denied; and Defendants' motion to strike be denied as moot.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff submitted timely objections to the Magistrate Judge's determinations regarding the plan benefits disbursement, breach of fiduciary duties, and

attorney's fees claims.[2] Plaintiff did not object to the laches determination.

Magistrate Judge Pitman properly determined that Plaintiff's claims are not barred by the equitable doctrine of laches. Both the breach of fiduciary duty claims under section 502(a)(3) and the plan benefits disbursement claims under section 502(a)(1)(B) were asserted within their respective statute of limitations. Pursuant to well-established law, "[l]aches is not a defense to an action filed within the applicable statute of limitations." United States v. Milstein, 401 F.3d 53, 63 (2d Cir. 2005) (alteration in original) (quoting United States v. RePass, 688 F.2d 154, 158 (2d Cir. 1982)). Thus the Magistrate Judge's determination was not facially erroneous.

With respect to the plan benefits claim, Magistrate Judge Pitman properly determined that the arbitrary and capricious standard of review is appropriate because MetLife was given full discretionary authority to administer the plan. See Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008) (citation omitted); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009) (citations omitted); Fuller v. J.P Morgan Chase & Co., 423 F.3d 104, 107 (2d Cir. 2005). Magistrate Judge Pitman properly applied the standard of review to MetLife's decisions to disburse benefits to the Wagner Chilren and to deny Plaintiff's claim. The evidence indicates that Defendants MetLife and United followed the plan procedures, and that, based on the information MetLife possessed at the time of its decision, MetLife was not made aware of any conflicting claim to the benefits. The evidence also indicates that MetLife's subsequent decisions to deny Plaintiff's claim were consistent with a plan provision and common law. No reasonable jury could concluded based

---

[2] Defendants MetLife and United submitted their opposition to Plaintiff's objections. Docket # 73. Plaintiff submitted a reply. Docket # 74.

upon this record that any of these decisions was arbitrary and capricious.[3] See Fuller v. J.P Morgan Chase & Co., 423 F.3d 104, 107 (2d Cir. 2005); see also Wiener v. Health Net of Conn., Inc., 311 F. App'x 438, 440 (2d Cir. 2009) (quoting Miller v. United Welfare Fund, 72 F.3d 1066, 1072 (2d Cir. 1995)).

Magistrate Judge Pitman properly recommended summary judgment on the breach of fiduciary claim. Only equitable relief is available for a claim asserted under section 502(a)(3). See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209-10 (2002) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)); id. at 221; Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 578-79 (2d Cir. 2006). Plaintiff seeks a legal remedy – namely, money in the form of recovery of Plan benefits and/or damages. Dismissal is thus appropriate because Plaintiff is not entitled to recover under section 502(a)(3).[4] See, e.g., Hall v. Kodak Ret. Income Plan, 363 F. App'x 103, 107 (2d Cir. 2010).

Magistrate Judge Pitman properly recommended summary judgment on the attorney's fees claim. Plaintiff has failed to show "some degree of success on the merits" as required by 29 U.S.C. § 1132(g)(1). Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2158 (2010)

---

[3] Plaintiff's arguments do not demonstrate that a genuine dispute exists regarding any material fact. Plaintiff's argument that MetLife failed to follow claims procedures is based on an unreasonable interpretation of a claim form not used in the present case. Plaintiff's argument that MetLife sent claim forms to the Wagner Children before it had notice of the death of the decedent is not supported by the record. Finally, Plaintiff's argument that MetLife was not authorized to communicate directly with the Wagner Children is also not supported by the record.

[4] The Magistrate Judge properly concluded that, to the extent that Plaintiff seeks to assert her procedural rights under section 503(2), no relief is available. Remand is the typical remedy. See Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 630 (2d Cir. 2008) (citations omitted). Remand would be a "useless formality" because, based upon the record, MetLife conducted a thorough review, its determination was an appropriate implementation of the plan, and MetLife would continue to maintain its position that payment discharged its liability. See id. (quoting Miller, 72 F.3d at 1071).

(quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). Thus Plaintiff is not entitled to attorney fees under 29 U.S.C. § 1132(g)(1), the statute governing attorney's fees in an ERISA action.

## CONCLUSION

Accordingly, after carefully reviewing the Report in light of Plaintiff's objections, this Court adopts the Report in its entirety.

Defendants MetLife and United's motion for summary judgment dismissing Plaintiff's claims is GRANTED. Plaintiff's motion for summary judgment is DENIED. Defendants MetLife and United's motion to strike is DENIED as moot.

The Clerk of the Court is directed to close this case.

Dated:  New York, New York
        July 1, 2011

SO ORDERED:

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge

5